James Francis Campbell, Appellant, *v.* Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellee.

10

Argued June 7, 1974, before Judges CRUMLISH, JR., KRAMER and BLATT, sitting as a panel of three.

*James R. Flick,* for appellant.

*John L. Heaton,* Assistant Attorney General, with him *Anthony J. Maiorana,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., December 9, 1974:
Appellant, James Francis Campbell, appeals from an order of the Court of Common Pleas of Bucks County sustaining a two month suspension of his motor vehicle operator's privileges, pursuant to Section 618 (b)

(2) of The Vehicle Code,[1] based upon his summary conviction for possession of two illegally purchased certificates of inspection in violation of Section 819(f) of The Vehicle Code, 75 P.S. §819(f). That court conducted a de novo hearing, as was its duty, and made the following findings of fact which adequately present the factual posture underlying the Appellant's violation and suspension: "1. On or about November 4, 1971, the Lou Bond Service Station, Penndel, Pennsylvania, was an official motor vehicle inspection station. 2. On the aforesaid date the appellant herein was a mechanic and treasurer of a family-owned business, Campbell Moving Co., Inc. 3. Appellant requested an employee of the said inspection station to issue him inspection stickers for two tractors so that appellant would not have to bring the vehicles to the station. 4. The request was granted, at a fee of $6 per sticker. The vehicles were not inspected. 5. After the filing of a criminal complaint by a State Police officer against appellant on a charge of violating section 819(f) of the motor vehicle code, appellant or someone on his behalf paid a fine of $50 and costs. 6. After a departmental hearing, a two month suspension was imposed, and the appeal to the Court of Common Pleas was made a supersedeas."

Our review in appeals of this nature is limited to a determination of whether the findings of the court below are supported by competent evidence and to correct any erroneous conclusions of law, and the action of the lower court will not be disturbed on appeal for a manifest abuse of discretion. *Bureau of Traffic Safety v. Jula*, 12 Pa. Commonwealth Ct. 140, 316 A. 2d 681 (1974). It, of course, remains the province of the lower court, hearing the appeal de novo, to decide on the credibility of the witnesses and to reconcile conflicts in the evidence. *Commonwealth v. Toole*, 9 Pa. Common-

---

[1] Act of April 29, 1959, P. L. 58, *as amended*, 75 P.S. §618(b)(2).

wealth Ct. 202, 304 A. 2d 177 (1973); *Commonwealth v. Stamoolis,* 6 Pa. Commonwealth Ct. 617, 297 A. 2d 532 (1972). As our examination of the record reveals competent evidence to support the above findings of the lower court and its conclusion that Appellant had committed more than a mere technical violation of Section 819(f) of The Vehicle Code, 75 P.S. §819(f), we affirm.

The pivotal factual determination under Section 819(f), insofar as this appeal is concerned, is whether Appellant had "in his possession any certificate of inspection and approval with knowledge that such certificate [had] been illegally purchased . . . ." Section 819(f), 75 P.S. §819(f). Appellant admitted to possession of the inspection stickers with knowledge that an inspection had not been performed prior to their issuance. He argues, however, that the Commonwealth failed to prove that the inspection stickers were "illegally purchased" inasmuch as the evidence was inconclusive on the point of whether he ever actually paid for the stickers. The court below found that the stickers were issued to appellant for a fee of $6.00 per sticker. This finding of fact is supported by the mechanic's testimony that this was the agreed upon standard fee. Although the mechanic could not recall whether he was ever paid for the stickers, this is hardly determinative as the agreement to pay the fee was sufficient evidence of consideration to establish that the stickers were technically "purchased."

Appellant further contends that his transgression was merely a technical violation of Section 819(f) because he intended to bring the trucks in for inspection after obtaining the inspection stickers, and there was no evidence that the trucks would not have passed inspection when the stickers were issued. The court below specifically rejected this testimony as not credible. Moreover, we agree with the lower court that, even if

believed, these circumstances would not justify a violation of Section 819(f).

Appellant raises myriad other issues which were not raised in the court below, and which will therefore not be considered on appeal. *See Sherwood v. Elgart,* 383 Pa. 110, 117 A. 2d 899 (1955).

For the foregoing reasons, the order of the court below is affirmed and the two month suspension of Appellant's motor vehicle operator's license reinstated.