463 A.2d 19

**COMMONWEALTH of Pennsylvania**

v.

**Louis STANTON, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 8, 1983.

Filed July 15, 1983.

Petition for Allowance of Appeal Denied Nov. 16, 1983.

398

William P. James, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before BROSKY, CIRILLO and LIPEZ, JJ.

BROSKY, Judge:

This is an appeal from the order dismissing appellant's Post Conviction Hearing Act (PCHA) petition after a hearing. Appellant contends trial counsel was ineffective: (1) for failing to object to the trial court's instruction to the jury concerning malice and second degree murder; (2) for failing to object to numerous improper comments by the prosecutor or for failing to raise such issues in post-verdict motions or on direct appeal; and (3) for failing to file a timely written motion to dismiss the action due to a violation of Pa.R.Crim.P. 1100. We disagree with appellant and affirm the order of the court below.

Appellant was arrested on April 27, 1970 and charged with the homicide of David Fineman, a Temple University student, which had occurred that same day. He was initially brought to trial on May 10, 1971 and was convicted of murder in the first degree. The judgment of sentence of life imprisonment was reversed by the Pennsylvania Supreme Court on *McCutchen* [1] grounds.

Appellant was retried and again convicted of first degree murder and sentenced to life imprisonment. On direct appeal, the Superior Court affirmed the conviction in *Commonwealth v. Stanton*, 269 Pa.Super. 305, 409 A.2d 901 (1979).

Appellant then filed a PCHA petition alleging various instances of ineffective assistance of counsel. This was the first time appellant was represented by counsel other than trial (who was also appellate) counsel. After a hearing, the court below denied relief and this timely appeal followed.

Appellant first contends that trial counsel should have objected to the following portions of the trial court's instructions to the jury:

1. *Commonwealth v. McCutchen*, 463 Pa. 90, 343 A.2d 669 (1975).

Now, if you find that this killing by the defendant resulted from a voluntary act without justification or excuse, the presumption is that the killing is malicious. Therefore, being presumed to be malicious, the killing would be presumed to be murder. All unlawful malicious killings are murder, but it is only where the elements of first degree murder have been proved to your satisfaction that a conviction for that degree could be had.

The court further instructed the jury:

In all unlawful killings without justification or excuse, where the act of slaying was voluntary, the presumption is that it is murder of the second degree only and the burden is upon the Commonwealth to prove that it is first degree murder.

He argues that these portions of the charge created either a conclusive or a mandatory presumption that a killing which results from a voluntary act is malicious and is murder in the second degree. Such presumptions would constitute reversible error under *County Court of Ulster County v. Allen,* 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979), and *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979).

In our evaluation of appellant's contention, we note that "[t]his Court has consistently held that, in reviewing jury instructions for prejudicial and reviewable error, the charge must be read and considered as a whole... Error cannot be predicated on isolated excerpts of the charge. It is the general effect of the charge that controls." *Commonwealth v. Woodward,* 483 Pa. 1, 4, 394 A.2d 508, 510 (1978) (citations omitted).

In reviewing the whole charge, we first conclude that the court's instruction in the second paragraph quoted above simply served to distinguish for the jury the difference between first and second degree murder. The only presumption a reasonable juror could have interpreted the instruction as creating was that once murder was found, it was presumptively only second degree murder absent additional proof by the Commonwealth. Such a presumption

certainly was not harmful to appellant, but was, if anything beneficial to him under the 1939 Penal Code.[2]

■ As to the first paragraph quoted above, we find that the effect of the whole charge was to create merely a permissive presumption of malice.[3] For example, the trial court specifically stated the following in its charge:

Now, the use of a weapon such as a firearm, against a vital part of a person's body, such as the head or chest, is a fact from which *you may infer the existence of malice.*[4]

A permissive presumption is constitutionally valid if it can "be said with substantial assurance that the presumed fact is more likely than not to flow from the proved fact on which it is made to depend." *Leary v. United States*, 395 U.S. 6, 36, 89 S.Ct. 1532, 1548, 23 L.Ed.2d 57, 82 (1969). We have no difficulty in concluding with substantial assurance that malice is more likely than not to flow from the proof of an "unlawful killing without justification or excuse, where the act of slaying was voluntary.

Appellant also argues that the questioned instruction shifted the burden of production or persuasion to appellant to show justification or excuse. Again, considering the entire charge, we believe the trial court clearly explained to

2. The 1939 Penal Code, in effect at the time of the Fineman killing, provided for only two degrees of murder:

All murder which shall be perpetrated by means of poison, or by lying in wait, or by any other kind of willful, deliberate and premeditated killing, or which shall be committed in the perpetration of or attempting to perpetrate any arson, rape, robbery, burglary, or kidnapping, shall be murder in the first degree. All other kinds of murder shall be murder in the second degree.

18 P.S. § 4701.

3. A permissive presumption "allows—but does not require—the trier of fact to infer the elemental fact from proof ... of the basic one and ... places no burden of any kind on the defendant." *Ulster County*, 442 U.S. at 157, 99 S.Ct. at 2224, 60 L.Ed.2d at 792.

4. The testimony in this case revealed that appellant shot the victim in the head.

the jury that the Commonwealth must prove all of the factors upon which guilt may depend.

■ Therefore, we find that objections on the above grounds to the questioned portions of the charge would have been meritless. Since counsel cannot be found ineffective for failing to advance a meritless claim, *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977), we find no merit to appellant's first issue.

■ Appellant next contends that his trial counsel was ineffective for failing to object to numerous improper and prejudicial arguments of the prosecutor and failing to raise such issues on post-verdict motions or on direct appeal where a timely objection had been made. After carefully reviewing appellant's myriad claims, we conclude that the opinion of the PCHA court below adequately disposes of this issue.[5]

■ Appellant's final contention is that trial counsel was ineffective for failing to file a timely written motion to dismiss the prosecution due to a violation of Pa.R.Crim.P. 1100. Under Pa.R.Crim.P. 1100(e)(2), the Commonwealth was obligated to commence appellant's trial by May 27, 1976, the 120th day after the Supreme Court reversed his 1971 conviction. On May 26, appellant filed a motion to dismiss indictments because of pre-trial publicity. Al-

5. We would only correct and supplement the lower court's opinion by noting the following:

(1) We do not find those issues of ineffectiveness as to which the underlying claims were decided on direct appeal by the Superior Court to have been finally litigated since it is the issues of ineffectiveness not the underlying claims which are raised here. See *Commonwealth v. Jones*, 488 Pa. 270, 412 A.2d 503 (1980) (dissent). However, since trial counsel clearly pursued these claims, we, of course, cannot find him ineffective for not doing so.

(2) While we agree with the lower court that none of the prosecutor's remarks rose to the level of reversible error, we also agree with the Commonwealth that "the evidence of guilt against appellant was so overwhelming, that any remark, though improvident, on the part of the district attorney was harmless error beyond a reasonable doubt." *Commonwealth v. Baynes*, 269 Pa.Super. 563, 568, 410 A.2d 845, 847 (1979).

though the motion could have been dismissed as untimely under Pa.R.Crim.P. 306 and 307, the court below allowed its filing on May 27, subject to a continuance until June 1, 1976 for the Commonwealth to prepare a response. Defense counsel agreed to this continuance. On June 1, the court denied the motion to dismiss and jury selection began that day.

Appellant argues that since trial did not begin on May 27, his rights under Rule 1100 were violated and, thus, that it was per se ineffectiveness for his trial counsel not to have raised the issue in a timely, written motion, see *Commonwealth v. Foley*, 269 Pa.Super. 71, 409 A.2d 68 (1979).

In support of his argument that Rule 1100 was violated, appellant notes that there is no indication that appellant himself sought to waive his Rule 1100 rights. However, this court has held that where counsel for a defendant agrees to a trial date beyond the end of the Rule 1100 period, the defendant may not later complain that Rule 1100 was violated. *Commonwealth v. Hickson*, 235 Pa.Super. 496, 344 A.2d 617 (1975); *Commonwealth v. Daniels*, 288 Pa.Super. 69, 431 A.2d 291 (1981); see *Commonwealth v. Walley*, 262 Pa.Super. 496, 396 A.2d 1280 (1978); but see *Commonwealth v. Waldman*, 484 Pa. 217, 398 A.2d 1022 (1979) (plurality).

Since defense counsel in the instant case agreed to a trial date beyond the end of the Rule 1100 period, we conclude the period between May 27 and June 1 was waived for purposes of Rule 1100. Also, we find that trial did, in fact, commence on June 1, 1976 with the beginning of voir dire. See *Commonwealth v. Bellamy*, 254 Pa.Super. 168, 385 A.2d 579 (1978).

Since there is no merit to a claim of a Rule 1100 violation, trial counsel cannot be held to be ineffective for failing to advance such a claim. *Hubbard*, supra.

Accordingly, we affirm the Order.