482 A.2d 1044

**COMMONWEALTH of Pennsylvania**

v.

**Edward IGNATAVICH, Appellant.**

Superior Court of Pennsylvania.

Submitted March 14, 1984.

Filed Oct. 5, 1984.

Petition for Allowance of Appeal Denied April 21, 1985.

618

Basil G. Russin, Chief Public Defender, Wilkes-Barre, for appellant.

Joseph Giebus, Assistant District Attorney, Wilkes-Barre, for Commonwealth, appellee.

Before CAVANAUGH, WIEAND and CIRILLO, JJ.

## OPINION

WIEAND, Judge:

Edward Ignatavich was tried by jury and was found guilty of murder in the third degree as a result of the stabbing death of Peter Gliem during an altercation in Hazleton, Luzerne County, on November 5, 1981. On direct appeal from the judgment of sentence, Ignatavich complains (1) that the evidence was insufficient to show a killing with malice; (2) that the Commonwealth failed to provide him with information of an earlier arrest of the victim for assault and that the trial court erred when it refused to allow evidence of such arrest; (3) that the trial court failed to instruct the jury fully and accurately on self-defense; (4) that the trial court erred in charging the jury on flight and concealment; and (5) that the sentence was excessive. We find no merit in these contentions and, therefore, will affirm the judgment of sentence.

The altercation which resulted in Peter Gliem's death occurred outside Gliem's home after he had completed a trash collection route and was parking his truck. Larry Koslop drove up in a station wagon, jumped out and engaged Peter Gliem in an argument regarding a prior disagreement. An altercation ensued in which Koslop was knocked to the ground and beaten. Ignatavich, who had been seated in Koslop's car, emerged from the vehicle with a knife which he then used to attack Peter Gliem and stab him in the chest. The altercation occurred in the presence of members of the Gliem family, whose versions of the altercation varied substantially from Ignatavich's recollection. These differing versions have been fully stated and reviewed in the opinion prepared by the trial court and will not be repeated here. Suffice it to say that there was evidence which, if believed, showed that Peter Gliem had been unarmed at the time Ignatavich attacked him with a knife. After the altercation, Ignatavich helped the beaten Koslop into the car, refused requests to help Peter Gliem, and drove away. He concealed himself in nearby woodland before surrendering himself to police on the following day. Gliem died from loss of blood caused when Ignatavich's knife pierced his heart.

■ The defense version was that Ignatavich had drawn a knife to protect himself only after Peter Gliem had subdued Koslop and approached Ignatavich in a combatant manner wielding a tire iron. Fearing that he, too, would be beaten, Ignatavich contended, he drew the knife and used it solely to defend himself. The credibility of this testimony, of course, was for the jury, which could believe all, some or none of it. See: *Commonwealth v. Shaver*, 501 Pa. 167, 173, 460 A.2d 742, 745 (1983). The version testified to by Commonwealth witnesses demonstrated, if believed, that the killing of Peter Gliem had been malicious and unjustified by any need on the part of Ignatavich to protect himself against an unarmed assailant.

More than fifteen months prior to the stabbing, Peter Gliem had been arrested for assaulting Samuel Touch while

he sat in a car.[1] The charges were dropped, however, after Gliem agreed to pay Touch's medical expenses. Ignatavich contends that he is entitled to a new trial because the Commonwealth failed to disclose this arrest in response to a pre-trial discovery request for exculpatory evidence and also because the trial court denied a defense offer at trial to prove the circumstances of Gliem's prior arrest. We disagree.

It is immediately apparent that the Commonwealth's failure to disclose the victim's prior arrest for assault was harmless. The defense had the necessary information in its possession and was prepared to prove the same at trial. The pre-trial request for discovery, moreover, had been a general request for exculpatory evidence and not a specific request for the criminal record of the deceased. The Commonwealth had no affirmative duty to search for evidence that might have been supportive of a defense for the accused. *Commonwealth v. Bridge,* 495 Pa. 568, 580, 435 A.2d 151, 157 (1981). "[W]here only a general request is made, the Commonwealth has the burden of providing the defense with evidence which is material." *Commonwealth v. Rose,* 483 Pa. 382, 396, 396 A.2d 1221, 1228 (1979). In this context, material evidence includes only such evidence which is exculpatory because it establishes or tends to establish the defendant's innocence of the charge for which he is being tried.

The evidence of the deceased victim's prior arrest for assault was, under the circumstances of this case, irrelevant and immaterial. Where a defendant offers to prove that he acted in self-defense, "he may use his deceased victim's criminal record either (1) to corroborate his alleged knowledge of the victim's quarrelsome and violent character to show that the defendant reasonably believed that his life was in danger; or (2) to prove the allegedly violent propensities of the victim to show that the victim

1. Gliem also had a prior arrest for slashing automobile tires. This is so clearly irrelevant to the homicide charge against Ignatavich as to require no further discussion.

was in fact the aggressor." *Commonwealth v. Amos,* 445 Pa. 297, 303, 284 A.2d 748, 751 (1971) (footnote omitted). Where offered "merely 'to prove the allegedly violent propensities of the victim to show that the victim was in fact the aggressor,'" mere arrests, without convictions, are inadmissible. *Commonwealth v. Darby,* 473 Pa. 109, 113, 373 A.2d 1073, 1074 (1977). See also: *Commonwealth v. Smith,* 490 Pa. 380, 386, 416 A.2d 986, 989 (1980). Specific acts of violence by the victim may be offered only "to corroborate the defendant's knowledge of the victim's ... violent character, all to the end of establishing that the defendant reasonably believed that his life was in danger." *Commonwealth v. Stewart,* 483 Pa. 176, 182, 394 A.2d 968, 971 (1978). In the instant case, appellant conceded that he did not know Gliem prior to the altercation and, therefore, was ignorant of Gliem's alleged reputation for violence and of the specific acts which had led to Gliem's prior arrest. Under these circumstances, the trial court ruled, correctly we hold, that Gliem's prior arrest for assault and the specific facts giving rise thereto were irrelevant and inadmissible.

In his statement of "questions involved," appellant asks "[d]id the [trial] court err in not allowing appellant's points for charge." Appellant's argument offers no greater specificity than his statement of the question. Such an averment of error is too general to preserve for appellate review a specific point for charge submitted to the trial court. See: *Commonwealth v. Sanford,* 299 Pa.Super. 64, 445 A.2d 149 (1982). Moreover, appellant did not take exception to the trial court's failure to instruct the jury as requested in appellant's several points for charge. "[I]n order to preserve an issue regarding the charge to the jury, a specific objection must be made pursuant to Pa.R.Crim.P. 1119(b), even where jury instructions have been timely offered and refused." *Commonwealth v. Russell,* 326 Pa. Super. 346, 353, 473 A.2d 1383, 1386 (1984), quoting *Commonwealth v. Rineer,* 310 Pa.Super. 241, 249, 456 A.2d 591, 595 (1983). See also: *Commonwealth v. Olds,* 322 Pa.Su-

per. 442, 452, 469 A.2d 1072, 1077 (1983). The court's failure to charge specifically as requested by appellant, therefore, was waived.

■■■ The trial court instructed the jury fully, accurately, and clearly on the issue of self-defense. The court was free to select its own form of expression and was not required to accept the language requested by counsel. *Commonwealth v. Melendez*, 326 Pa.Super. 531, 539, 474 A.2d 617, 620–621 (1984); *Commonwealth v. Newman*, 323 Pa.Super. 394, 402, 470 A.2d 976, 980 (1984); *Commonwealth v. Hayes*, 314 Pa.Super. 112, 118, 460 A.2d 791, 794 (1983).

■■■■ After the court had completed its jury instructions but before the jury had retired to deliberate, appellant requested the court to supplement its instructions regarding third degree murder by telling the jury that the killing would be without malice if the killer acted with lawful justification or excuse or under circumstances reducing the killing to manslaughter. The court responded to this request by reviewing fully the elements essential to a finding of third degree murder. Appellant complains that this response by the court placed undue emphasis on third degree murder. However, appellant took no exception to the court's supplemental instructions and, therefore, has waived any complaint with respect thereto. *Commonwealth v. Russell, supra.* Appellant's contention, moreover, is patently lacking in merit. A jury charge must be read as a whole and considered in its entirety. It is the general effect of the charge that controls. *Commonwealth v. Stanton*, 316 Pa.Super. 397, 402, 463 A.2d 19, 21 (1983). There was no error in the court's instructions on third degree murder; they were thorough and complete. It was the judgment of the court, whose duty it was to clarify the issues, *Commonwealth v. Newman, supra* 323 Pa.Super. at 402, 470 A.2d at 980, that an entirely new charge would be more effective. We perceive neither error nor prejudice in this decision.

The court also instructed the jury as follows:

Even though [ ] the evidence indicates that Peter Gliem may have used force against the Defendant, you may find the Defendant guilty if you are satisfied beyond a reasonable doubt that he used deadly force ... after provoking Peter Gliem to use force against him at the same time and place with the intent to inflict death or serious bodily injury.

(N.T. 373). Appellant argues that this instruction was improper because there was no evidence to support a finding that appellant had provoked an attack by Gliem. When it is recalled that the credibility and weight of the evidence were for the jury, which could believe some, all or none of the testimony of each witness, it was not error to instruct the jury on provocation by appellant.

■ Similarly, the trial court did not err when it instructed the jury that an inference of consciousness of guilt could be drawn from the fact that appellant had fled after stabbing the victim and had concealed himself in the woods for a day before surrendering to police. Although appellant explained that he was fearful of retaliation by members of the Gliem family, this explanation did not remove the propriety of an instruction regarding flight and concealment. Appellant's conduct following the stabbing, together with appellant's explanation therefor, were properly submitted to the jury upon appropriate instructions by the court.

■ Finally, appellant contends that a sentence of ten to twenty years in prison was manifestly excessive.[2] "As a general rule, the imposition of a sentence is within the sound discretion of the sentencing court." *Commonwealth v. Gordon,* 329 Pa.Super. 42, 57, 477 A.2d 1342, 1349 (1984). "[U]nless the sentence exceeds the statutory maximum or is so excessive as to constitute a manifest abuse of discretion, the trial court's determination will not be disturbed." *Commonwealth v. Scarborough,* 313 Pa.Super.

---

2. Appellant has not challenged either in his petition to modify sentence or on appeal to this Court the sentencing court's order to make restitution of $2,741.85 to the decedent's family for funeral and medical bills.

521, 533, 460 A.2d 310, 316 (1983). There was no abuse of discretion in imposing a ten to twenty year sentence of imprisonment for murder in the' third degree in this case. Although appellant had only one prior conviction for assault, he was an admitted alcoholic and a repeat violator of the statute proscribing public drunkenness. The sentencing court specifically considered and rejected the option of probation. It also considered "the nature and gravity of the offense," which the court regarded as a "senseless" and "unnecessary murder." Appellant's prior lifestyle had been aimless, opined the court, and suggested a need for rehabilitation best provided by incarceration. The sentencing court was also concerned that the needs of society be served by a sentence that deterred senseless killing. The court properly considered the particular circumstance of the offense and the character and background of the defendant. See: *Commonwealth v. Martin*, 328 Pa.Super. 498, 501, 477 A.2d 555, 557 (1984). There was no abuse of discretion.

Judgment of sentence affirmed.