539 A.2d 7

Regina M. Wall, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Argued December 18, 1987, before Judges DOYLE and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Neil Mittelman, Geroff* & *Mittelman,* for appellant.

*Harold H. Cramer,* Assistant Counsel, with him, *John L. Heaton,* Chief Counsel, for appellee.

OPINION BY JUDGE PALLADINO, March 14, 1989:

Regina M. Wall (Appellant) appeals from an order of the Court of Common Pleas of Philadelphia County which affirmed an order of the Pennsylvania Department of Transportation, Bureau of Traffic Safety (DOT) suspending her motor vehicle operating privileges for one year for failing to submit to a requested chemical test of her blood for alcohol content. We affirm.

Appellant was involved in a motor vehicle accident on September 22, 1985 in Upper Moreland Township. When the police officer arrived at the scene, Appellant was outside her car. Officer McCue testified that he

detected the odor of alcohol on Appellant's breath. N.T. at 6. Appellant testified that Officer McCue told her he smelled alcohol on her breath and asked her if she had been drinking, which she admitted. N.T. at 13. The officer administered a field sobriety breath test, using an instrument known as an "alco-sensor." Then Officer McCue arrested Appellant for violating section 3731 of the Vehicle Code, 75 Pa. C. S. §3731 (driving under the influence) (DUI). Appellant was transported to the police station where she submitted to a breathalyzer test for alcohol. A reading of 0.165 was obtained. Appellant refused to submit to a second breathalyzer test.

DOT notified Appellant on October 14, 1985 that effective November 18, 1985 her license would be suspended for one year for violating section 1547 of the Vehicle Code, 75 Pa. C. S. §1547, for refusing to submit to a breathalyzer test. Appellant appealed her suspension to the trial court which, after a hearing, affirmed the suspension.

On appeal to this court,[1] Appellant contends: (1) that the field sobriety breath test was the equivalent of the first breathalyzer test post arrest for DUI; (2) that the request for a second breathalyzer test at the police station was unreasonable; and (3) that she was not given adequate and sufficient warning that her refusal of the second breath test at the police station would result in a suspension of her motor vehicle operating privileges as required by section 1547(b)(2) of the Vehicle Code, 75 Pa. C. S. §1547(b)(2).

---

[1] Our scope of review is limited to a determination of whether the findings of fact are supported by competent evidence, errors of law have been committed or whether the common pleas court's decision demonstrates a manifest abuse of discretion. *Waldspurger v. Commonwealth*, 103 Pa. Commonwealth Ct. 148, 520 A.2d 83 (1987).

### EFFECT OF FIELD SOBRIETY TEST

Appellant argues that she was under arrest prior to the field sobriety breath test being administered and therefore that breath test must be considered as one of the chemical tests for alcohol she is deemed to have consented to pursuant to section 1547(a) of the Vehicle Code, 75 Pa. C. S. §1547(a). Appellant bases her argument on the well-settled principle that the term "arrest" in section 1547(a) is merely a reference to the physical act of restraint and is not dependent upon the validity of the arrest. Appellant is correct in her statement of the law. *See Glass v. Department of Transportation, Bureau of Traffic Safety,* 460 Pa. 363, 333 A.2d 768 (1975). The question of whether a sobriety breath test in the field, using a chemical test for alcohol, is deemed one of the two chemical breath tests required by DOT regulation 67 Pa. Code §77.24(b)(1),[2] is a matter of first impression.

Section 1547(k) of the Vehicle Code provides:

A police officer, having reasonable suspicion to believe a person is driving or in actual physical control of the movement of a motor vehicle while under the influence of alcohol, *may* require that person *prior* to arrest to submit to a *preliminary breath test* in a device approved by the Department of Health for this purpose. *The sole purpose of this preliminary breath test is to assist the officer in determining whether or not the person should be placed under arrest.* The preliminary breath test shall be in addition to any other requirements of this title. No person has any right to expect or demand a preliminary

---

[2] This regulation was promulgated pursuant to section 1547(c) of the Vehicle Code, 75 Pa. C. S. §1547(c), entitled "test results admissible in evidence."

breath test. *Refusal to submit to the test shall not be considered for purposes of subsections (b) and (e).*

75 Pa. C. S. §1547(k) (emphasis added). The field sobriety breath test administered to Appellant was a preliminary breath test given by Officer McCue which he testified he gave to determine if she had been drinking. N.T. at 6.[3] The test serves the same purpose as other, perhaps more familiar, field sobriety tests, such as walking a straight line or touching your nose with your finger. By the terms of section 1547(k), a refusal to take a preliminary breath test in the field does not subject a licensee to having his license suspended pursuant to section 1574(b)(1) of the Vehicle Code, 75 Pa. C. S. §1547(b)(1). Therefore, we conclude that a preliminary breath test in the field, performed on an instrument which detects the presence of alcohol, is not one of the chemical tests of breath, blood or urine deemed to be consented to by section 1547(a).

### REASONABLENESS OF SECOND REQUEST

Appellant argues that Officer McCue's request that she submit to a second breathalyzer test was unreasonable because it was unnecessary given the results of the field sobriety test and the first breathalyzer test. Officer McCue testified that he requested the second test pursuant to DOT regulation. N.T. at 6. 67 Pa. Code §77.24(b) provides, in pertinent part: "The procedures for alcohol testing shall include. . .: (1) two consecutive actual breath tests . . . ."

---

[3] We note that Appellant does not contend that Officer McCue did not have "reasonable suspicion to believe [she was] driving or in actual physical control of the movement of a motor vehicle while under the influence of alcohol. . .," which section 1547(k) of the Vehicle Code makes a prerequisite for requesting a preliminary breath test, and this opinion does not address that issue.

This court recently addressed the reasonableness of this regulation in *Bush v. Commonwealth,* 112 Pa. Commonwealth Ct. 510, 514, 535 A.2d 754, 756 (1988) and concluded:

> [W]e hold that a request by a policeman pursuant to 67 Pa. Code §77.24(b)(1) for a second breath test is *per se* reasonable and a licensee's failure to consent to its administration amounts to a refusal to consent to a chemical test as required by 75 Pa. C. S. §1547(a) and must suffer the consequences of a license suspension pursuant to 75 Pa. C. S. §1547(b)(1).

Therefore, Officer McCue's request that Appellant submit to a second breathalyzer test was not unreasonable.

### ADEQUACY OF WARNING

Appellant testified that the only time Officer McCue warned her that she could lose her motor vehicle operating license if she refused to submit to a breath test was at the scene of the accident prior to the field sobriety test. Officer McCue testified that he did not issue any warning prior to requesting that she submit to the field sobriety test and that he did warn her that her failure to submit to the second breathalyzer test at the station would result in her license being suspended.

The trial court, after noting the discrepancy in testimony, found that Appellant had been "adequately appraised [sic] of the consequences of her failure to comply with the requirement to take the breathalyzer test." *Commonwealth v. Wall* (No. 219 June term 1986, filed December 2, 1986), slip op. at 4. Issues of credibility and resolutions of testimonial conflicts are for the trial court to decide. *Campbell v. Department of Transportation, Bureau of Traffic Safety,* 16 Pa. Commonwealth Ct. 9, 329 A.2d 867 (1974). Officer McCue's testimony

is sufficient to support the trial court's finding that Appellant had been adequately warned that her license would be suspended if she did not submit to a second breathalyzer test.

Accordingly, the order of the trial court is affirmed.

ORDER

AND NOW, March 14, 1988, the order of the Court of Common Pleas of Philadelphia County in the above-captioned case is affirmed.

---

DISSENTING OPINION BY SENIOR JUDGE KALISH:

I respectfully dissent.

The Commonwealth contends that the first field test was simply a prearrest test given solely to determine whether appellant should be placed under arrest, in accordance with section 1547(k) of the Vehicle Code, 75 Pa. C. S. §1547(k), and that this test was completely independent of any subsequent breath test required for license suspension purposes. Since the police officer may require this prearrest test, it is specifically provided that the refusal of the prearrest test shall not be considered a refusal for suspension purposes, pursuant to section 1547(b) of the Vehicle Code. Thus, the sole purpose of the prearrest test is to assist the police officer in determining whether or not the person should be placed under arrest. Where suspension of license is sought, the second test (section 1547(a) of the Vehicle Code) is required.

In *Department of Transportation v. McFarren*, 514 Pa. 411, 525 A.2d 1185 (1987), our Supreme Court has said that the purpose and remedial objective of section 1547 of the Vehicle Code is to provide the police with evidence to prosecute an intoxicated driver and that, while a chemical test is a search and seizure, that such a test without a search warrant is necessary because of

the exigent circumstances. However, the court indicated that in order to justify a second intrusion the police officer must establish circumstances which support the reasonableness of a second test. Otherwise, it would be an unreasonable search in violation of our Constitution. In 67 Pa. Code §77.24(b), in setting forth the procedure for conducting any breath test, it is provided that two consecutive breath tests be given, with the lower of the two actual tests to be used for prosecution.

In *Bush v. Commonwealth,* 112 Pa. Commonwealth Ct. 510, 535 A.2d 754 (1988), we held that this procedure requiring two consecutive tests establishes a scheme intended to ensure valid test results and that even though two consecutive tests are required, the request for the second test is per se reasonable.

However, in the instant case, unlike *Bush,* where only one test involving the suspension was requested, the appellant submitted not only to that prearrest breath test, but was then requested to take the other test as well.

While section 1547(b) of the Vehicle Code provides that the two procedures are for independent purposes, the first for criminal prosecution and the second for civil purposes (suspension of license), such independence of purpose would not justify a second test to meet the requirement of reasonableness where one test would suffice. The sole purpose for the second test (suspension of license) was to enhance that possibility. The reasonableness of this search should not depend on the proceeding involved. The circumstances are such that the second request for the breath test is unreasonable.