555 A.2d 1341

COMMONWEALTH of Pennsylvania

v.

David Herman BULL, Appellant.

Superior Court of Pennsylvania.

Argued Dec. 7, 1988.

Filed March 20, 1989.

Samuel K. Gates, York, for appellant.

Mark A. Bellavia, Assistant District Attorney, York, for Com., appellee.

Before WIEAND, OLSZEWSKI and TAMILIA, JJ.

OLSZEWSKI, Judge:

This is an appeal from a judgment of sentence after conviction for a first offense of driving under the influence. Appellant presents one issue for review: whether the trial court erred in allowing into evidence the results of a blood alcohol test after appellant had taken a pre-arrest breathalyzer.

On September 4, 1987, appellant was stopped by a Penn Township police officer after the automobile in which he was driving was observed crossing the center line of the highway. Suspecting that appellant was under the influence of alcohol, the police officer requested that appellant perform several field sobriety tests. One of these tests involved blowing into a breathalyzer. The result of the breathalyzer indicated that appellant had a blood alcohol content of .15 percent. Upon conclusion of the tests, appellant was placed under arrest and taken to a hospital where a blood test was performed. The results of the blood test indicated that appellant had a blood alcohol content of .15 percent.

Appellant was charged with driving under the influence, under section 3731(a) of the Motor Vehicle Code.[1] Prior to trial, appellant filed a motion to suppress the results of the

---

1. Appellant was charged under subsections (1) and (4) of section 3731(a). The pertinent parts of that section provide as follows:
   § 3731. **Driving under the influence of alcohol or controlled substance**
   **(a) Offense defined.**—A person shall not drive, operate or be in actual physical control of the movement of any vehicle while:
   (1) under the influence of alcohol to a degree which renders the person incapable of safe driving;
   * * * * * *
   (4) the amount of alcohol by weight in the blood of the person is 0.10% or greater.
   75 Pa.C.S.A. § 3731(a). Pursuant to an agreement of the parties, the Commonwealth agreed to nol pros the charge under 3731(a)(1), leaving only the charge under 3731(a)(4) to be tried.

blood test which was refused. After a non-jury trial, appellant was convicted of operating a vehicle while his blood alcohol level was in excess of .10 percent, a violation of section 3731(a)(4). An oral post-trial motion reinstating appellant's motion to suppress was argued and denied, and appellant was sentenced to a term of imprisonment totaling 48 hours to one year plus fines totaling $510. Appellant then filed the instant appeal.

Appellant presents one issue for our review: whether the trial court erred in allowing into evidence the results of a blood alcohol test after appellant had taken a pre-arrest breathalyzer. Stated somewhat differently, appellant alleges as error the denial of his motion to suppress.

As a panel of this Court has recently announced:

> In an appeal from an order granting or denying a motion to suppress, the role of the appellate court is to determine whether the record supports the suppression court's factual findings and the legitimacy of the inferences and legal conclusions drawn from those findings. In making this determination, the Court may consider only the evidence of the prosecution's witnesses and so much of the evidence for the defense as fairly read in the context of the record as a whole remains uncontradicted. When the factual findings of the suppression court are supported by the evidence, the appellate court may reverse only if there is an error in the legal conclusions drawn from those factual findings. *Commonwealth v. Vinson*, 361 Pa.Super. 526, 529, 522 A.2d 1155, 1157 (1987); *Commonwealth v. Reddix*, 355 Pa.Super. 514, 518, 513 A.2d 1041, 1043 (1986).

*Commonwealth v. DeBooth*, 379 Pa.Super. 522, 550 A.2d 570 (1988). In the present case, both parties are in agreement as to the facts; therefore, the question which remains is whether the court committed an error in its legal conclusions drawn from those facts.

In support of his argument, appellant cites the case of *Commonwealth, Department of Transportation v. McFarren*, 514 Pa. 411, 525 A.2d 1185 (1987). In *McFarren*, our

Supreme Court held that police may not request a defendant to take a second post-arrest chemical test merely to substantiate the accuracy of the first post-arrest chemical test. Such a procedure, according to the Court, is an unreasonable search under Article 1, Section 8 of the Pennsylvania Constitution. Appellant argues that the mandate of *McFarren* is equally applicable to the case at bar; therefore, the trial court erred in allowing the results of the second blood test to be admitted into evidence.

The Commonwealth counters that *McFarren* is inapplicable to the case at bar. According to the Commonwealth, *McFarren* involved two post-arrest tests where the result of one test was used to buttress the other. In the present case, however, the Commonwealth argues that the breathalyzer test was a pre-arrest test which was used only to establish probable cause to justify the post-arrest blood test. Accordingly, the Commonwealth urges that the trial court committed no error when it allowed the results of the blood test to be introduced as evidence. In its opinion, the trial court agreed with and supported the Commonwealth's position. We also agree.

In *McFarren*, our Supreme Court was presented with a factual situation quite different from the one in the instant case. There, the defendant, after failing various field sobriety tests, was placed under arrest. At the police station the defendant consented to perform a breathalyzer test. When asked to submit to a second breathalyzer test, however, the defendant asked to see an attorney or, in the alternative, to see the statute which required him to do so. After repeated warnings by police that his response was considered a refusal and would result in an automatic suspension of his driving privileges, the defendant refused to take the second test. As a result of his actions, the Department of Transportation suspended the defendant's driving privileges under § 1547(a) of the Motor Vehicle Code.[2]

2. Section 1547(a) states as follows:
    Any person who drives, operates or is in actual physical control of the movement of a motor vehicle in this Commonwealth shall be

Thus, the specific issue before the Supreme Court was whether pursuant to § 1547(a), a defendant was required to submit to a second post-arrest blood test. Of specific interest to the Court was the interpretation of that portion of § 1547(a) which states that a police officer may take "... one or more chemical tests of breath, blood or urine...." Initially, the Court determined that the purpose behind § 1547 is to provide the police with evidence to prosecute an intoxicated driver. Recognizing, however, that a breathalyzer test is a search so as to fall within the provisions of Article 1, § 8 of the Pennsylvania Constitution,[3] the Court held that a second post-arrest chemical test can be taken only where the police officer offers sufficient evidence to establish the reasonableness of such a request. Because the stated purpose of the second test was merely to substantiate the results of the first test, the Court found it to be unreasonable.

We do not feel the need to apply the mandate of *McFarren* to the facts of the case at bar. In the present case, we are not faced with a situation where the Commonwealth was attempting to bolster or substantiate its evidence. Here, unlike *McFarren*, the initial breath test taken by appellant was merely part of a series of field tests used to establish probable cause to request appellant to take a post-arrest blood test. Appellant was informed by the police officer, prior to taking the test, that he had a right to refuse this test as the specific device used was not approved for use in court. Appellant was not under arrest, nor were the implied consent provisions of § 1547 applicable to him at

deemed to have given consent to one or more chemical tests of breath, blood or urine for the purpose of determining the alcoholic content of blood or the presence of a controlled substance *if a police officer has reasonable grounds to believe the person to have been driving, operating or in actual physical control of the movement of a motor vehicle* ... (emphasis added)
75 Pa.C.S.A. § 1547(a). The actual section which prescribes punishment is found in § 1547(b); the Court, however, in *McFarren* first had to interpret subsection (a) to determine if the police were allowed to make multiple tests, thus making the defendant's actions tantamount to a refusal which would allow for punishment.

3. *See Commonwealth v. Funk,* 254 Pa.Super. 233, 385 A.2d 995 (1978).

this time.  Moreover, after trial both parties stipulated that the results of this test were used only to help establish probable cause to request the blood test, not as substantive evidence of appellant's guilt.  Under these facts, we are unable to agree with appellant that the trial court erred by allowing into evidence the results of his post-arrest blood test.

This result is especially warranted where, as here, suppressing the post-arrest blood test would be tantamount to dismissing the Commonwealth's entire case.  As the testimony of the police officer indicates, appellant had already failed three of the other four field tests administered to him; thus, probable cause had already been established to require appellant to submit to a blood test.  Therefore, finding no error in the legal conclusions reached by the trial court, we have no alternative but to agree with its decision to allow the results of appellant's blood test into evidence.

Judgment of sentence affirmed.