## Brush v. PennDOT

*Robert M. Rosenblum,* for petitioner.
*Frank A. Martens Jr.,* for respondent.

O'BRIEN, *J.,* November 18, 1991—

## FINDINGS OF FACT

(1) In the early morning hours of August 7, 1991, the petitioner was the operator of a motor vehicle involved in an accident in Tobyhanna Township, Monroe County, Pennsylvania.

(2) Following the accident, a Tobyhanna Township police officer met the petitioner at a home near the accident scene and detected a strong odor of alcohol on her breath.

(3) The petitioner consented to the officer administering a preliminary breath test by use of a device known as "Alcatch Mach 10." When the result of this test was positive, the officer placed the petitioner under arrest.

(4) The officer advised the petitioner of the provisions of the Implied Consent Law and that her license would be suspended for a period of one year if she

failed to submit to a chemical test to determine alcoholic content at the police barracks. Although the petitioner initially agreed to take the test, she changed her mind and refused. Therefore, no chemical test of the alcoholic content of her blood is available for use in any criminal proceeding.

## DISCUSSION

The Pennsylvania Motor Vehicle Code provides in pertinent part as follows:

"(a) *General rule*—Any person who drives, operates or is in actual physical control of the movement of a motor vehicle in this Commonwealth shall be deemed to have given consent to one or more chemical tests of breath, blood or urine for the purpose of determining the alcoholic content of blood or the presence of a controlled substance if a police officer has reasonable grounds to believe the person to have been driving, operating or in actual physical control of the movement of a motor vehicle:

"(1) while under the influence of alcohol or a controlled substance or both; or

"(2) which was involved in an accident in which the operator or passenger of any vehicle involved or a pedestrian required treatment at a medical facility or was killed.

"(b) *Suspension for refusal*—

"(1) If any person placed under arrest for a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person for a period of 12 months.

"(2) It shall be the duty of the police officer to inform the person that the person's operating privilege will be suspended upon refusal to submit to chemical testing.

"(3) Any person whose operating privilege is suspended under the provisions of this section shall have the same right of appeal as provided for in cases of suspension for other reasons." 75 Pa.C.S. 1547.

In order to sustain a license suspension under section 1547(b)(1) of the code, the department must prove that the licensee (1) was arrested for driving under the influence of alcohol; (2) was asked to submit to a breathalyzer test; (3) refused to do so; and (4) was specifically warned that a refusal to do so would result in a license suspension. *Department of Transportation v. Potter,* 118 Pa. Commw. 524, 545 A.2d 979 (1988). In the case at bar, all of these elements have been proven by the Department of Transportation.

The primary thrust of the argument by counsel for petitioner is that since the petitioner consented to the preliminary breath test, she had no obligation to consent to a further test following her arrest. However, both statutory and case law provide to the contrary. The Motor Vehicle Code provides in further pertinent part as follows:

"A police officer, having reasonable suspicion to believe a person is driving or in actual physical control of the movement of a motor vehicle while under the influence of alcohol, may require that person prior to arrest to submit to a preliminary breath test in a device approved by the Department of Health for this purpose. The sole purpose of this preliminary breath test is to assist the officer in determining whether or not the person should be placed under arrest. The preliminary breath test shall be in addition to any other requirements of this title. No person has any right to expect or

demand a preliminary breath test. Refusal to submit to the test shall not be considered for purposes of subsection (b) and (e)." 75 Pa.C.S. 1547(k).

Interpreting the foregoing paragraph, our Commonwealth Court has rejected the argument presented by petitioner is the case at bar in *Wall v. Commonwealth,* 114 Pa. Commw. 397, 539 A.2d 7 (1988) and *Appeal of Attleberger,* 136 Pa. Commw. 329, 583 A.2d 24 (1990). Therefore, we conclude that petitioner's appeal is without merit.

## CONCLUSIONS OF LAW

(1) The strong odor of alcohol on petitioner's breath and her failure of the preliminary breath test constituted probable cause for the officer to place her under arrest for driving under the influence of alcohol.

(2) The petitioner was requested to submit to a breathalyzer test and advised that her operating privileges would be suspended for a period of one year if she refused to submit to the test.

(3) The participation of the petitioner in the preliminary breath test prior to her arrest, did not justify her refusal to submit to a breathalyzer test after her arrest.

(4) The petitioner made a knowing and conscious refusal to submit to the breathalyzer test.

## ORDER

And now, November 18, 1991, the appeal of Linda Brush from the order of the Department of Transportation of the Commonwealth of Pennsylvania suspending her operating privileges for a period of one year is dismissed and the supersedeas heretofore entered is terminated.