637 A.2d 728

Harold L. KROMELBEIN, Appellant,

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.

Commonwealth Court of Pennsylvania.

Reconsideration Granted Dec. 10, 1993.

Decided Feb. 1, 1994.

Robert B. McGuinness, for appellant.

David R. White, Asst. Counsel–Appellate Section, for appellee.

Before COLINS and FRIEDMAN, Judges, and LORD, Senior Judge.

COLINS, Judge.

Harold L. Kromelbein (Kromelbein) has petitioned for reargument with respect to the October 13, 1993 order of this Court, affirming the October 15, 1992 order of the Court of Common Pleas of Bradford County (Common Pleas) in the above-captioned matter, originally submitted to this Court on June 11, 1993. The Common Pleas order sustained the one-year suspension of Kromelbein's operating privilege, imposed by the Department of Transportation, Bureau of Driver Licensing (DOT), pursuant to Section 1547 of the Vehicle Code (Code), 75 Pa.C.S. § 1547, because Kromelbein refused to submit to a blood test. By order dated December 10, 1993, this Court withdrew its October 13, 1993 order and opinion and denied Kromelbein's application for reargument but granted him reconsideration.

In his petition for reargument, Kromelbein avers that this Court never examined the record which, he argues, does not support Common Pleas' affirmance of DOT's contention that the breath test he performed prior to being asked to submit to a blood test was a preliminary breath test (PBT) as provided for in Section 1547(k) of the Code, 75 Pa.C.S. § 1547(k).[1] Kromelbein relies on *Department of Transportation v. McFarren*, 514 Pa. 411, 525 A.2d 1185 (1987), as establishing

1.  Section 1547(k) of the Code, 75 Pa.C.S. § 1547(k), provides:

    A police officer, having reasonable suspicion to believe a person is driving or in actual physical control of the movement of a motor vehicle while under the influence of alcohol, may require that person prior to arrest to submit to a preliminary breath test on a device approved by the Department of Health for this purpose. The sole purpose of this preliminary breath test is to assist the officer in determining whether or not the person should be placed under arrest. The preliminary breath test shall be in addition to any other requirements of this title. No person has any right to expect or demand a preliminary breath test. Refusal to submit to the test shall not be considered for purposes of subsections (b) and (e).

that once a motorist performs one valid test, as he did, that motorist's subsequent refusal to undergo a second test does not constitute a refusal within the meaning of Section 1547(b) of the Code.[2] He further contends that this Court failed to address the issues presented in his initial appeal, specifically whether DOT had the burden of establishing that the breath test administered to him was, in fact, a PBT, and not a breath test pursuant to Section 1547(a) of the Code, 75 Pa.C.S. § 1547(a),[3] and if so, whether DOT failed to meet this burden. Additionally, Kromelbein maintains that our October 13, 1993 opinion draws an inapposite analogy between the issues in his case and those found in *Department of Transportation, Bureau of Traffic Safety v. O'Connell*, 521 Pa. 242, 555 A.2d 873 (1989), and in *Appeal of Attleberger*, 136 Pa.Commonwealth Ct. 329, 583 A.2d 24 (1990), *appeal dismissed as improvidently granted*, 531 Pa. 450, 613 A.2d 1203 (1992).

After having reviewed the record once again in reconsideration of Kromelbein's petition, we disagree with the arguments advanced therein. First, evidence of record supports the determination made by Common Pleas, as fact finder, that despite a certain degree of confusion in terminology, the testimony [elicited at the August 21, 1992 license suspension

**2.** Section 1547(b) of the Code, 75 Pa.C.S. § 1547(b), provides, in pertinent part:

(1) If any person placed under arrest for a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person for a period of 12 months.

**3.** Section 1547(a) of the Code, 75 Pa.C.S. § 1547(a), provides, in pertinent part:

Any person who drives, operates or is in actual physical control of the movement of a motor vehicle in this Commonwealth shall be deemed to have given consent to one or more chemical tests of breath, blood or urine for the purpose of determining the alcoholic content of blood or the presence of a controlled substance if a police officer has reasonable grounds to believe the person to have been driving, operating or in actual physical control of the movement of a motor vehicle:

(1) while under the influence of alcohol or a controlled substance or both. . . .

hearing] of Officer Hutchinson [the arresting officer] about a 'breathalyzer' test can only be understood to refer to a pre-arrest field sobriety test. Although the test was referred to as a 'breathalyzer' test by Officer Hutchinson, it is clear that the test given to Appellant differed significantly from the 'breathalyzer' referred to in *McFarren, supra*. In reaching this conclusion, the court relies upon the only testimony relating to the purpose of the test, the testimony of Officer Hutchinson during cross-examination that the alcohol detector mark 'X' test, referred to by Officer Hutchinson as a breathalyzer test, *'is just used for added probable cause as your[sic] field sobriety test.'* N.T., p. 6, lines 5 and 6) (Emphasis added). Appellant's argument that the Department of Transportation presented no evidence that the first breath test was a preliminary test is simply not supported by the record. As well, there is no evidence in the record to support Defendant's contention that the subsequent request for a second test was designed to enhance the evidence and guarantee a conviction. Instead, the test was, in the language of Officer Hutchinson, 'for added probable cause' or, in the language of Section 1547(k), 'to assist the officer in determining whether ... the person should be placed under arrest.' Therefore, there is no basis for concluding that the request was unreasonable under the standard established by the Supreme Court in *McFarren, supra*.

It is well established that "[c]onflicts in the evidence and questions of credibility are for the trial court to resolve," *Sallade v. Commonwealth,* 140 Pa.Commonwealth Ct. 121, 123, 591 A.2d 1176, 1177 (1991). In the present case, therefore, this Court will not disturb Common Pleas' credibility determination accepting Officer Hutchinson's averments that the breath test administered Kromelbein was a PBT intended to determine probable cause and not one of the chemical tests to which a licensee is deemed to have consented under Section 1547(a) of the Code. Moreover, the record establishes that the breath test was administered *prior* to Kromelbein's arrest, when he was stopped by Officer Hutchinson for driving errati-

cally, which fact reinforces the Officer's testimony that the test was given to determine probable cause and was, in effect, one of several field sobriety tests that Kromelbein failed to perform satisfactorily. It should also be noted that this Court has upheld the administration of more than one chemical test even where a licensee, unlike the present case, may have successfully passed a second set of field sobriety tests. Specifically, in *Department of Transportation, Bureau of Driver Licensing v. Harbaugh*, 141 Pa.Commonwealth Ct. 288, 595 A.2d 715 (1991), this Court noted the following:

> Although Harbaugh believes that it was unreasonable for Jefferson to request that he submit to a second chemical test because he had passed the second set of field sobriety tests, field sobriety tests do not constitute chemical testing for purposes of Section 1547(a) of the Vehicle Code, 75 Pa.C.S. § 1547(a).... The sole purpose of the field sobriety test is to assist the officer in determining whether a driver should be placed under arrest, not whether the driver is actually intoxicated.... This court has also held that a police officer who has reasonable grounds to order a chemical test may do so, despite the fact that the driver has passed a field sobriety test prior to the chemical test.

*Id.* at 294, 595 A.2d at 718 (citations omitted).

Further, as noted by Common Pleas, the record is devoid of any evidence submitted by Kromelbein to establish either that he was overtly confused about preliminary breath testing or that the blood test requested by Officer Hutchinson was intended to "enhance the evidence and guarantee a conviction," in the *McFarren* sense. In this respect, we find Kromelbein's reliance upon *McFarren* misplaced, as was that of the licensee in *Commonwealth v. Weaver*, 384 Pa.Superior Ct. 231, 558 A.2d 97 (1989), *petition for allowance of appeal denied*, 524 Pa. 627, 574 A.2d 69 (1990), wherein our Superior Court stated:

> However, we find that *McFarren*, *supra* is inapposite presently. The appellant was not subjected to two separate blood alcohol tests pursuant to 75 Pa.C.S.A. § 1547(a).

Rather, the appellant first submitted to a pre-arrest breath test as expressly authorized in 75 Pa.C.S.A. § 1547(k)....

As the Commonwealth Court stated in *Wall v. Commonwealth*, 114 Pa.Cmwlth. 397, [401], 539 A.2d 7, 9 (1988), '[W]e conclude that a preliminary breath test in the field, performed on an instrument which detects the presence of alcohol, is not one of the chemical tests of breath, blood or urine deemed to be consented to by section 1547(a).' The pre-arrest breath test is simply another form of field sobriety test used by police officers when deciding whether a driving while intoxicated arrest should be made. Since the appellant was not subjected to two chemical tests of his blood as defined in 75 Pa.C.S.A. § 1547(a), we find that *McFarren, supra*, does not apply....

*Id.* 384 Pa.Super. at 233–34, 558 A.2d at 98.

Finally, we reject Kromelbein's contentions that this Court erred in comparing his case to *Attleberger*, when the very allegations of his petition for reargument demonstrate that he, like Attleberger, fails to understand the significance of preliminary breath testing. In both cases, each licensee erroneously "assumed that he did not have to submit to the blood-alcohol test subsequent to having taken the preliminary breath test[,]" and "[a]ny confusion he may have experienced was ... of his own creation." *Appeal of Attleberger*, 136 Pa.Commonwealth Ct. at 334–35, 583 A.2d at 27.

It is this Court's position, therefore, after due reconsideration of this matter and based on the foregoing discussion, that the order of Common Pleas sustaining the one-year suspension of licensee's operating privilege should be affirmed.

## *ORDER*

AND NOW, this 1st day of February, 1994, upon reconsideration of the above-captioned matter, the order of the Court of Common Pleas of Bradford County sustaining the one-year suspension of licensee's operating privilege is affirmed.