470 A.2d 976

**COMMONWEALTH of Pennsylvania**

v.

**Edward NEWMAN, Appellant.**

Superior Court of Pennsylvania.

Submitted April 5, 1983.

Filed Jan. 6, 1984.

Elaine DeMasse, Assistant Public Defender, Philadelphia, for appellant.

Jane Cutler Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before SPAETH, WIEAND and HOFFMAN, JJ.

WIEAND, Judge:

Following trial by jury, Edward Newman was acquitted on a charge of riot [1] but convicted of recklessly endangering another person [2] and disorderly conduct.[3] Post-trial motions were denied, and Newman was sentenced to pay total fines of $2,000.00 and to serve consecutive periods of probation totalling three years. On direct appeal, Newman's principal argument is that videotape evidence established incontrovertible physical facts and that, therefore, the trial court erred (1) when it denied a defense request for a directed verdict and (2) when it refused to instruct the jury that videotape evidence constituted proof of incontrovertible physical facts. He also contends that the trial court erred in refusing a requested instruction pertaining to his right of assembly. There is no merit in these contentions. For sentencing purposes, however, the conviction for disorderly conduct merged into the conviction for recklessly endanger-

1. 18 Pa.C.S. § 5501.

2. 18 Pa.C.S. § 2701.

3. 18 Pa.C.S. § 5503.

ing another person. Therefore, we must remand for resentencing.

During the early evening hours of August 25, 1980, a demonstration and rally took place at 18th and Diamond Streets in the City of Philadelphia, the purpose being to protest the shooting of a young black male by an arresting policeman on the prior day. A pick-up truck arrived, equipped with loud speakers and amplifiers and carrying several persons who incited and led a march of 500 to 1000 persons to the police station on 17th Street. There, the crowd eventually became ugly. The police station and an approaching fire truck were pelted with rocks, bottles and bricks, and a general melee ensued. When police, equipped with riot gear, attempted to clear the intersection, they were also pelted with thrown missiles. Appellant was observed throwing a brick which struck a policeman in the chest. He was immediately placed under arrest.

At trial, two police officers testified that they had seen appellant, who was shirtless and wearing blue pants and a necklace, hurl a brick over their heads and into the ranks of policemen. Officer Robert Adelsburger testified that he observed appellant throw a brick from a point near the northeast corner of 17th and Montgomery Streets. When appellant turned to run, Adelsburger pursued him, placed him under arrest, and returned him to the district headquarters. Officer Henry Bruhl, called as a witness by the defense, testified that he, too, had observed appellant throw a brick from the northeast corner of the intersection. He said that the brick had struck Officer Richard O'Neill in the chest. He also said that he observed Adelsburger make the arrest.

Appellant produced videotaped, short clips which TV stations had used in news programs.[4] He contended that this photographic replay depicted incontrovertibly (1) that appellant had not been arrested at the location testified to by the police officers and (2) that Officer Bruhl had not been where he said he was and could not have observed the

4. Tapes not used for TV viewing had been destroyed prior to trial.

occurrences to which he testified. This evidence, appellant argued, proved that the police witnesses had falsified their testimony or were mistaken and confirmed his contention that he was engaged solely in lawful activity.

The incontrovertible physical facts rule is a well established part of the law in Pennsylvania, having its principal application in tort cases. In *Lamp v. Pennsylvania R.R.*, 305 Pa. 520, 158 A. 269 (1931), the Supreme Court said:

> "It is now the established law of this State that where the testimony of a witness is contradicted by incontrovertible physical facts, the testimony of such witness cannot be accepted, it being either mistaken or false, and a verdict based on it will not be sustained: *Grimes v. P. R. R. Co.*, 289 Pa. 320 [137 A. 451]; *Hartig v. American Ice Co.*, 290 Pa. 21 [137 A. 867]; *Folger v. Pittsburgh Rys. Co.*, 291 Pa. 205 [139 A. 858]; *Miller v. P. R. R. Co.*, 299 Pa. 63 [149 A. 85]. 'Courts are not required to believe that which is contrary to human experience and the laws of nature, or which they judicially know to be incredible': *Lessig v. Reading Transit & Light Co.*, [270 Pa. 299, 113 A. 381]; *Seiwell v. Hines, Dir. Gen.*, 273 Pa. 259 [116 A. 919]; *Maue v. Pittsburgh Rys. Co.*, 284 Pa. 599 [131 A. 475]."

*Id.* 305 Pa. at 525, 158 A. at 271. See also: *Commonwealth v. Santana*, 460 Pa. 482, 333 A.2d 876 (1975); *MacDonald v. Pennsylvania Railroad Co.*, 348 Pa. 558, 36 A.2d 492 (1944). However, the incontrovertible physical facts rule can be applied only where the facts are positive, clear, indisputable and certain. *Long v. Pennsylvania Truck Lines, Inc.*, 335 Pa. 236, 240, 5 A.2d 224, 225–226 (1939); *Algeo v. Pittsburgh Railways Co.*, 202 Pa.Super. 548, 553, 198 A.2d 415, 417 (1964). See also: *Stacy v. Thrower Trucking, Inc.*, 253 Pa.Super. 150, 384 A.2d 1274 (1978). The rule is inapplicable when the facts depend upon estimates of distances. *Streilein v. Vogel*, 363 Pa. 379, 385, 69 A.2d 97, 100 (1949). Moreover, the rule does not confer infallibility upon photographic evidence. "A photograph is merely pictorial testimony. While it is properly assumed

that the lens of a camera will not lie, the reliability of the resulting product, insofar as evidence in a factual controversy is concerned, depends on many factors which have little or nothing to do with the fidelity of the mechanical process which transfers a physical object from tangible reality to an intangible image on paper. Many questions must be answered before a photograph may be accepted as incontrovertible." *Heimbach v. Peltz*, 384 Pa. 308, 311–312, 121 A.2d 114, 116 (1956). See also: *Krobot v. Ganzak*, 194 Pa.Super. 49, 52, 166 A.2d 311, 312 (1960). A videotape recording, although capable of a more sequential reproduction than a still photograph, is nevertheless subject to the same uncertainties that render photographic evidence fallible.

■ The videotape offered as evidence in the instant case was not complete; it covered only a small portion of the events covered by the testimony of witnesses. Moreover, as several witnesses complained, the tape was not sufficiently clear and did not allow ready identification of the persons appearing thereon. Finally, even if the police officers were contradicted concerning their recollection of some of the details, it does not follow that the court or jury was required to reject all that they said. The jury could accept all, some or none of their testimony. *Commonwealth v. Curry*, 318 Pa.Super. 490, 495, 465 A.2d 660, 662 (1983); *Commonwealth v. Owens*, 315 Pa.Super. 400, 404, 462 A.2d 255, 257 (1983); *Commonwealth v. Wilcox*, 310 Pa.Super. 331, 335, 456 A.2d 637, 639 (1983). The credibility of the oral testimony was properly left to jury determination upon full and complete instructions by the trial court.

■ The doctrine of incontrovertible physical facts was not applicable to the instant case. Therefore, the trial court was not required to direct a verdict of acquittal for this reason. Moreover, because the rule was not applicable, the trial court was not required to charge the jury thereon. See: *Middleton v. Glenn*, 393 Pa. 360, 362, 143 A.2d 14, 16 (1958).

Appellant also complains that the trial court erred in refusing a requested jury instruction as follows:

The First Amendment of the United States Constitution and Article 1, Section 7 and 20 of the Pennsylvania Constitution protect the rights of persons to free speech and assembly.... The right of peaceable assembly to petition for redress of grievances is closely related to the right of free speech, and is equally fundamental. When the group activity (such as the demonstration in the case at bar) out of which the alleged offense develops can be described as involving elements of both legal and illegal purpose and conduct, and as being within the shadow of the First Amendment, the factual issues as to the alleged criminal conduct and intent must be judged strictissimi juris or with the greatest of care. This is necessary to avoid punishing one who participates in such an activity and is in sympathy with its legitimate aims, but does not intend to accomplish them by unlawful means. Each defendant is entitled to a careful distinction between responsibility for the lawful and constitutionally protected demonstration, and responsibility for the activity for which the law provides a penalty.

This language was derived from an opinion of the Court of Appeals of the Seventh Circuit in *United States v. Dellinger*, 472 F.2d 340 (7th Cir.1972), *cert. denied*, 410 U.S. 970, 93 S.Ct. 1443, 35 L.Ed.2d 706 (1973). The issue in that case, however, was not the content of the trial court's jury instructions but the sufficiency of the evidence to sustain the conviction.

In the instant case, the trial court refused the point as submitted by appellant's counsel but, instead, charged the jury as follows:

The First Amendment of the United States Constitution and Article 1, Section 7 and 20 of the Pennsylvania Constitution protect the rights of persons to free speech and assembly. The right of peaceable assembly to petition for redress of grievances and the right of free speech are fundamental. Therefore, the factual issues as to the alleged criminal conduct and intent of the defendants must be judged with the greatest of care. This is neces-

sary to avoid penalizing one who legitimately and lawfully exercises his First Amendment rights. Each defendant is entitled to a careful distinction between responsibility for the lawful and constitutionally protected demonstration and responsibility for the activity for which the law provides a penalty.

A "trial court is not required to accept the language of [a] point submitted by counsel but rather is free to select its own form of expression. The only issue is whether the area is adequately, accurately and clearly presented to the jury for [its] consideration." *Commonwealth v. McComb*, 462 Pa. 504, 509, 341 A.2d 496, 498 (1975); *Commonwealth v. Hayes*, 314 Pa.Super. 112, 118–19, 460 A.2d 791, 794 (1983); *Commonwealth v. Parks*, 281 Pa.Super. 38, 421 A.2d 1135 (1980). Moreover, a charge must be read as a whole and will be found adequate if it correctly reflects the law and is sufficient to guide the jury in its deliberations. *Commonwealth v. Stauffer*, 309 Pa.Super. 176, 186, 454 A.2d 1140, 1146 (1982); *Commonwealth v. Jones*, 300 Pa.Super. 338, 346, 446 A.2d 644, 648 (1982); *Commonwealth v. Peterson*, 271 Pa.Super. 92, 97–98, 412 A.2d 590, 593 (1979). See also: *Commonwealth v. Tolassi*, 489 Pa. 41, 413 A.2d 1003 (1980); *Commonwealth v. Stoltzfus*, 462 Pa. 43, 337 A.2d 873 (1975). In charging a jury, it is the principal duty of the trial court to clarify the issues so that the jury may understand the questions to be resolved. *Commonwealth v. Jones, supra.*

The instructions to the jury in the instant case complied fully with these requirements. The court's response to appellant's specific request and the charge as a whole made it abundantly clear that the issues to be decided by the jury were whether appellant had thrown a brick and whether his conduct was such as to constitute the offenses of disorderly conduct and recklessly endangering another person. The court told the jury that appellant could not be convicted merely because he was present during the riot or because he was participating lawfully in a peaceful demonstration. These instructions were adequate and accurate. There was no error.

 Finally, we must determine whether the trial court could properly impose separate sentences on the convictions for recklessly endangering and disorderly conduct.[5] The Supreme Court has held that only one penalty may be imposed after conviction where the crimes charged arise from the same transaction and differ only in degree. *Commonwealth v. Ayala*, 492 Pa. 418, 424 A.2d 1260 (1981); *Commonwealth ex rel. Shaddock v. Ashe*, 340 Pa. 286, 17 A.2d 190 (1941). "[I]n merger of sentences cases, we focus not only on the similarity of the elements of the crimes but also, and primarily, on the facts proved at trial, for the question is whether those facts show that in practical effect the defendant committed a single criminal act, in which case there will be merger and only a single sentence may be imposed, or more than a single act, in which case there will be no merger and a sentence may be imposed for each act." *Commonwealth v. Flynn*, 314 Pa.Super. 162, 176, 460 A.2d 816, 823 (1983), quoting *Commonwealth v. Crocker*, 280 Pa.Super. 470, 475, 421 A.2d 818, 820–821 (1980). See also: *Commonwealth v. Boettcher*, 313 Pa.Super. 194, 204, 459 A.2d 806, 810 (1983). In deciding whether merger is required, a court is obliged to interpret the verdict not in the light of theoretical possibilities but rather in the light of common sense. *Commonwealth v. Buser*, 277 Pa.Super. 451, 459, 419 A.2d 1233, 1237 (1980).

 A common sense approach to the evidence in the instant case suggests overwhelmingly that it was the single act of throwing a brick which resulted in convictions for recklessly endangering and for engaging in disorderly conduct. The basis of the latter conviction was alleged to be appellant's engaging in violent or tumultuous behavior. This occurred prior to appellant's arrest when he allegedly threw a brick and not following arrest as the Commonwealth now argues. Not only the evidence but also the prosecutor's closing jury argument permit no other interpretation of the jury's verdict.

5. Appellant's failure to argue merged offenses in the trial court did not waive this issue for appeal purposes. *Commonwealth v. Franklin*, 306 Pa.Super. 422, 430 n. 4, 452 A.2d 797, 801 n. 4 (1982).

The trial court imposed separate sentences which included two, distinct fines and consecutive periods of probation. It is not clear that the court, if it had been required to impose a single sentence for the more serious offense of recklessly endangering another person, would have imposed the same sentence for that crime. Under these circumstances we will remand for resentencing. See: *Commonwealth v. Radogna*, 317 Pa.Super. 586, 464 A.2d 478 (1983); *Commonwealth v. Lezinsky*, 264 Pa.Super. 476, 400 A.2d 184 (1979).

Judgment of sentence vacated, and case remanded for resentencing in accordance with this opinion. Jurisdiction is not retained.

SPAETH, J., concurs in the result.