J-S44036-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DION MAURICE JOHNSON | : | |
| | : | |
| Appellant | : | No. 298 EDA 2023 |

Appeal from the PCRA Order Entered December 27, 2022
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0003666-2017

BEFORE: OLSON, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.: **FILED AUGUST 12, 2024**

Appellant, Dion Maurice Johnson, appeals from the order denying in part

his petition filed under the Post Conviction Relief Act ("PCRA"). ***See*** 42 Pa.C.S.

§§ 9541-9546. In addition, on the basis that he has determined that the

appeal is wholly frivolous, his attorney has filed a petition to withdraw as

counsel and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967).[1]

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] A brief filed pursuant to ***Anders v. California***, 386 U.S. 738 (1967), is proper where counsel seeks to withdraw his or her representation in a direct appeal. A ***Turner***/***Finley*** no-merit letter is the appropriate filing for seeking to withdraw on appeal from the denial of PCRA relief. ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). However, "[b]ecause an ***Anders*** brief provides greater protection to a defendant, this Court may accept an ***Anders*** brief in lieu of a ***Turner***/***Finley*** letter." ***Commonwealth v. Widgins***, 29 A.3d 816, 817 n.2 (Pa. Super. 2011) (citation omitted).

Because we agree with counsel's assessment, we grant the petition to withdraw and affirm.

The following is the trial court's apt summary of the factual history of this matter:

> The underlying facts giving rise to [Appellant's] convictions are as follows: the charges ... arise out of an incident which occurred over a period of several hours on June 28th and 29th of 2017. The incident occurred inside [Appellant's] apartment in Parkesburg Borough, Chester County, Pennsylvania. The victim in this case is a sixteen (16) year old girl who encountered [Appellant] at his residence when she was walking home from her friend's house. Upon making contact with [Appellant] outside of his residence, the victim agreed to accompany [Appellant] into his apartment to use and/or procure narcotics. Prior to this encounter, [Appellant] and the victim were complete strangers.
>
> Once inside the apartment, the victim and [Appellant] smoked narcotics and drank alcohol together. When the victim attempted to leave the apartment and go home, [Appellant] demanded "payment" for the narcotics. The victim testified that she "blacked out" at this point and when she awoke, she was naked and [Appellant] was on top of her, penetrating her vaginally without her consent. The victim managed to grab her pocketknife and stabbed [Appellant] multiple times to finally end the assault.
>
> *See* N.T., 10/16/18, pp 28-82; N.T., 1/17/19, pp. 10-17.

Trial Court Opinion, 4/16/19, at 2.

Appellant was charged with rape-unconscious victim, unlawful contact with a minor, sexual assault, corruption of minors, and indecent assault.[2] In

_____

[2] 18 Pa.C.S. §§ 3121(a)(3), 6318(a)(1), 3124.1, 6301(a)(1)(i), and 3126(a)(1), respectively.

addressing Appellant's direct appeal, a panel of this Court offered the following

concerning additional evidence presented at trial:

> [Appellant] was 50 years old at the time of the incident. N.T. 10/17/18, at 332. The trial court conducted a three-day jury trial, which culminated in [Appellant's] conviction on the above-referenced charges on October 18, 2018. At trial, both the victim and [Appellant] testified. In addition to the above description of the assault, the victim revealed that she was taking medication for bipolar disorder and depression at the time of the incident. N.T. 10/16/18, at 65. She also emphatically asserted that she had not consented to any sexual activity during the night in question. *Id*. at 82. Conversely, [Appellant] testified that he had consensual sex with the victim on the night in question. N.T. 10/17/18, at 334. He contended that the victim's stabbing him was unprompted by any assault he perpetrated against her. *Id*. at 355-358.
>
> Also testifying at trial were responding Officers Cole Burkhardt and Michael Kinsman of the Parkesburg Police Department. The officers confirmed that upon arrival at [Appellant's] house on the night in question they discovered [Appellant] covered in blood and nude. N.T. 10/16/18, at 148-154. They observed that the victim was shaken, upset, and seemingly nude wrapped in a blanket. *Id*. Officer Kinsman indicated that the victim stated something along the lines of, "I thought a blow job would have been enough." *Id*. at 185. Bernadette Clagg, a forensic nurse, performed a sexual evidence kit on the victim and testified that the victim told her that [Appellant] had suggested that she perform oral sex on him in exchange for drugs. N.T. 10/17/18, at 236. Likewise, Detective Craig Yeckley testified that the victim stated to him, during an investigatory interview, that she may have started to perform oral sex on [Appellant], but did not remember anything after that until she awoke to find Johnson with his penis in her vagina. *Id*. at 297.

*Commonwealth v. Johnson*, 513 EDA 2019, 2019 WL 7290500 at *2-4 (Pa.

Super. filed Dec. 30, 2019) (unpublished memorandum).

On October 18, 2018, a jury convicted Appellant of unlawful contact with a minor, sexual assault, corruption of minors, and indecent assault. In addition, the jury found Appellant not guilty of rape-unconscious victim. On January 17, 2019, the trial court sentenced him to serve an aggregate term of incarceration of 12 ½ to 25 years. No post-sentence motions were filed. On direct appeal, this Court affirmed Appellant's judgment of sentence, and our Supreme Court denied his petition for allowance of appeal on July 21, 2020. *Commonwealth v. Johnson*, 513 EDA 2019, 2019 WL 7290500 (Pa. Super. filed Dec. 30, 2019), *appeal denied*, 237 A.3d 389 (Pa. 2020).

Appellant filed this, his first timely PCRA petition, on July 2, 2021, and an amended PCRA petition on January 28, 2022. Thereafter, the PCRA court held an evidentiary hearing. On December 27, 2022, the PCRA court entered an order that granted in part and denied in part Appellant's petition. Specifically, the PCRA court granted the portion of the PCRA petition challenging the legality of Appellant's sentence and denied the remaining claims of ineffective assistance of counsel.[3] This timely appeal followed.

---

[3] Appellant was sentenced pursuant to 42 Pa.C.S. § 9714(a)(1), which provides for a minimum sentence of ten years if the defendant had previously been convicted of another crime of violence. The Commonwealth relied on a previous Virginia conviction to apply § 9714(a)(1) to Appellant's case. However, the Commonwealth subsequently conceded the Virginia offense was not equivalent to a Pennsylvania offense, and § 9714(a)(1) was not applicable. Accordingly, the PCRA court vacated Appellant's sentence. The scheduling of a resentencing hearing is pending the outcome of this appeal.

As noted, current counsel has filed a petition to withdraw from representation and an **Anders** brief. Before we address any questions raised on appeal, we must consider counsel's request to withdraw. **See Commonwealth v. Lilley**, 978 A.2d 995, 997 (Pa. Super. 2009) ("[T]his Court may not review the merits of the underlying issues without first passing on the request to withdraw.") (citation omitted). Counsel who believes an appeal is frivolous and seeks to withdraw from representation under **Anders** must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

**Commonwealth v. Tejada**, 176 A.3d 355, 359 (Pa. Super. 2017). In **Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009), our Supreme Court addressed the second point of the **Anders** standard, *i.e.*, the contents of the **Anders** brief, which requires that the brief:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361. Once counsel has satisfied the **Anders** requirements, this Court then has a duty to conduct its own review of the

lower court's proceedings and make an independent determination whether the appeal is wholly frivolous. **Commonwealth v. Edwards**, 906 A.2d 1225, 1228 (Pa. Super. 2006).

In this case, those directives have been satisfied. Within the petition to withdraw, counsel averred that he conducted a conscientious examination of the record in this case. Following that review, counsel concluded that the present appeal is wholly frivolous. Counsel sent Appellant a copy of the **Anders** brief and petition to withdraw, as well as a letter, a copy of which is attached to the petition to withdraw. In the letter, counsel advised Appellant that he could represent himself or that he could retain private counsel. Appellant has filed a *pro se* response with this Court.[4]

We now examine whether the **Anders** brief satisfies our Supreme Court's dictates in **Santiago**, and we determine that it is compliant. The brief sets forth the procedural history of this case, outlines pertinent case authority, and discusses counsel's conclusion that the appeal is frivolous. We thus

_____

[4] On June 10, 2024, Appellant filed a letter, docketed as an "Application for Relief," in which he requests leave to amend his *pro se* response "to include the Appellee brief filed by the Commonwealth." Application for Relief, 6/10/24. As the Commonwealth's brief as Appellee has already been filed in this Court, we deny the application.

Appellant filed a further application for relief with this Court on July 18, 2024, seeking to supplement his *pro se* response with motions he has filed in the PCRA court requesting the production of trial evidence. Because these filings post-date Appellant's appeal and have no bearing on the matters addressed in this decision, we deny this application.

conclude that the procedural and briefing requirements for withdrawal have been met.

Counsel has identified eleven issues challenging the effective assistance of counsel that Appellant believes entitle him to relief. We will address each claim in turn.

In reviewing the denial of PCRA relief, our purview "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa. Super. 2011) (citation omitted). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." *Commonwealth v. Mitchell*, 105 A.3d 1257, 1265 (Pa. 2014) (citation omitted).

Each of the claims set forth by Appellant assert challenges to the effective assistance of counsel. Therefore, we employ a well-settled set of precepts:

> We presume counsel's effectiveness, and an appellant bears the burden of proving otherwise. To establish ineffectiveness of counsel, a PCRA petitioner must plead and prove: [(1)] his underlying legal claim has arguable merit; [(2)] counsel's actions lacked any reasonable basis; and [(3)] counsel's actions prejudiced him. Failure to satisfy any prong of the ineffectiveness test requires dismissal of the claim. Arguable merit exists when the factual statements are accurate and could establish cause for relief. Whether the facts rise to the level of arguable merit is a legal determination.

*Commonwealth v. Urwin*, 219 A.3d 167, 172 (Pa. Super. 2019) (internal

- 7 -

citations and quotation marks omitted) (brackets added).

Under the first prong of the ineffectiveness test, an appellant is not entitled to relief if his underlying legal argument has no merit. *See Ousley*, 21 A.3d at 1246. In short, counsel cannot be deemed ineffective for failing to pursue a meritless claim. *See Commonwealth v. Loner*, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*).

"With respect to the reasonable basis prong, we have explained that courts should not inquire as to whether there were other, more logical courses of action counsel could have pursued; rather, the appropriate question is whether counsel's decision had any reasonable basis." *Commonwealth v. Johnson*, 289 A.3d 959, 979 (Pa. 2023).

Concerning the third prong, as defined by our Supreme Court: "a defendant … is required to show actual prejudice; that is, that counsel's ineffectiveness was of such magnitude that it could have reasonably had an adverse effect on the outcome of the proceedings." *Commonwealth v. Spotz*, 84 A.3d 294, 315 (Pa. 2014) (citations, brackets, and internal quotation marks omitted). When an appellant has failed to meet the prejudice prong of an ineffective assistance of counsel claim, the claim may be disposed of on that basis alone, without a determination of whether the first two prongs have been met. *See Commonwealth v. Baker*, 880 A.2d 654, 656 (Pa. Super. 2005). Again, failure to satisfy any prong of the ineffectiveness test requires dismissal of the claim. *See Urwin*, 219 A.3d at 172.

In his first issue, Appellant argues that direct appeal counsel was ineffective for failing to raise a claim challenging the sufficiency of the evidence. *See Anders* Brief at 13-16. The issue offers a nonspecific allegation that "the evidence produced at trial was insufficient to find [Appellant] guilty of the crimes charged." *Id*. at 13-14. Similarly, in his *pro se* filing, Appellant makes the following boilerplate allegation: "Direct appeal counsel failed to claim a sufficiency of the evidence claim. It is factual that the alleged victim gave testimony that was so inherently inconsistent and unreliable that the evidence was not sufficient as a matter of law." *Pro Se* Response, at 12.[5] Again, Appellant reiterated the broad claim that "the Commonwealth failed to prove the elements of the crimes charged beyond a reasonable doubt." *Id*.

Nevertheless, we are cognizant that evidence presented at trial is sufficient when, viewed in the light most favorable to the Commonwealth as the verdict winner, the evidence and all reasonable inferences derived from the evidence are sufficient to establish all elements of the offense beyond a

---

[5] To the extent Appellant challenges the credibility of the evidence presented by the Commonwealth, we observe that a sufficiency of the evidence review does not include an assessment of the credibility of the testimony. *Commonwealth v. Wilson*, 825 A.2d 710, 713-714 (Pa. Super. 2003). Such a claim is more properly characterized as a weight of the evidence challenge. *Id*. A challenge to the weight of the evidence questions which evidence is to be believed. *Commonwealth v. Charlton*, 902 A.2d 554, 561 (Pa. Super. 2006). Accordingly, we will address Appellant's challenges to the weight of the evidence later in this memorandum.

reasonable doubt. *See Commonwealth v. Blakeney*, 946 A.2d 645, 651 (Pa. 2008). The Commonwealth may sustain its burden entirely by circumstantial evidence and the jury, which passes upon the weight and credibility of each witness's testimony is free to believe all, part, or none of the evidence. *See Commonwealth v. Ramtahal*, 33 A.3d 602, 607 (Pa. 2011).

A person commits the offense of sexual assault if he "engages in sexual intercourse or deviate sexual intercourse with a complainant without the complainant's consent." 18 Pa.C.S. § 3124.1. An individual is guilt of indecent assault where he "has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and . . . the person does so without the complainant's consent." 18 Pa.C.S. § 3126(a)(1). The unlawful contact with a minor offense is satisfied where a person intentionally contacts a minor for the purpose of engaging in any activity prohibited under Chapter 31 of the Crimes Code, which includes the sexual assault and indecent assault offenses. 18 Pa.C.S. § 6318(a)(1). Finally, an individual over the age of 18 commits corruption of minors if he "by any act corrupts or tends to corrupt the morals of any minor less than 18 years of age." 18 Pa.C.S. § 6301(a)(1)(i).

In addressing the ineffectiveness of counsel for failing to raise a sufficiency of the evidence claim, the PCRA court noted:

> A review of the evidence shows that the Commonwealth met its burden in this case since it produced sufficient evidence to prove beyond a reasonable doubt each and every element of the crimes with which defendant was charged. Even though he tried to claim that any sexual contact between the victim and the defendant was consensual and that he was the victim in this case, the jury did not believe him. Since the evidence introduced at trial was sufficient as a matter of law to support the jury's guilty verdicts, counsel was not ineffective for failing to raise this claim.

PCRA Order, 12/27/22, at 3.

Following our review, we discern no error of law in the PCRA court's conclusions, which are supported by the record. The victim testified to having told Appellant that she was sixteen years old after meeting Appellant on the street for the first time. *See* N.T., 10/16/18, at 28-29. She further testified that at Appellant's residence, he provided a smoking pipe and alcohol. *See id*. at 34-35. The victim explained that after drinking the alcohol and smoking the pipe, she started to feel dizzy. *See id*. at 38. She indicated that she blacked out, woke up, and both she and Appellant were naked, and Appellant's penis was inside of her. *See id*. at 38-40. The victim also asserted that she did not consent to any sexual activity with Appellant during the time in question. *See id*. at 82.

Based on the above, we do not discern any error in the PCRA court's determination that a challenge to the sufficiency of the evidence to support Appellant's convictions on direct appeal would have been meritless.

Therefore, appellate counsel was not ineffective for failing to challenge the sufficiency of the evidence. **See Commonwealth v. Spotz**, 896 A.2d 1191, 1210 (Pa. 2006) (holding that counsel will not be deemed ineffective for failing to raise a meritless claim).

In his second and third issues, Appellant argues that trial counsel was ineffective for failing to challenge the weight of the evidence with respect to each of his convictions. **See Anders** Brief at 16-20. In particular, Appellant asserts that the Commonwealth did not prove the element that the victim was a minor in relation to the conviction of unlawful contact with minors. **See** *Pro Se* Response, at 19.

The weight of the evidence is exclusively for the finder of fact who is free to believe all, part or none of the evidence and to determine the credibility of witnesses. **Commonwealth v. Small**, 741 A.2d 666, 672 (Pa. 1999) (citation omitted). When considering a motion that a verdict was against the weight of the evidence, a "trial court should award a new trial on this ground only when the verdict is so contrary to the evidence as to shock one's sense of justice." **Commonwealth v. Chamberlain**, 30 A.3d 381, 396 (Pa. 2011) (citation omitted).

This Court's standard of review of a trial court's decision regarding a weight of the evidence claim is limited to determining whether the trial court palpably abused its discretion in concluding that the verdict was or was not against the weight of the evidence. **See Commonwealth v. Champney**, 832

A.2d 403, 408 (Pa. 2003). "Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence." *Commonwealth v. Talbert*, 129 A.3d 536, 546 (Pa. Super. 2015) (citation omitted). "One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice." *Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa. 2013) (citations omitted).

In rejecting Appellant's ineffectiveness claim challenging counsel's decision to forgo a weight of the evidence argument on direct appeal, the PCRA court explained:

> Even though [Appellant] tried to claim that he was the victim, the Commonwealth presented sufficient evidence for the jury to conclude that he was, in fact, the perpetrator. Based on the evidence introduced at trial, the court finds that [Appellant's] claim that the jury's verdict was against the weight of the evidence is without merit.

PCRA Order, 12/27/22, at 4. Concerning the victim's age, the court stated:

> The victim testified at trial that she told [Appellant] she was 16 years old and in high school at the time of the incident. Thus, each and every element of the crime was established beyond a reasonable doubt at trial. There was, therefore, no basis upon which to challenge the weight of the evidence in this case.

*Id*. at 5.

Upon reviewing Appellant's argument, the record, and proper legal authority, we conclude that the PCRA court did not abuse its discretion in determining Appellant did not have a meritorious weight of the evidence claim to be presented on direct appeal. Essentially, Appellant's claim seeks to reweigh in his favor the contradicting evidence presented by Appellant and the victim, which we cannot do, as it would violate our standard of review for weight of the evidence claims. Accordingly, we conclude this ineffective assistance claim fails because the underlying legal claim lacks merit. *See Spotz*, 896 A.2d at 1210.

In his fourth and fifth issues, Appellant argues that trial counsel was ineffective for failing to request particular jury instructions. In reviewing these claims, we consider that "[t]here is no ineffectiveness of counsel for failing to request an unwarranted [jury] instruction." *Commonwealth v. Ragan*, 743 A.2d 390, 397 (Pa. 1999). "Indeed, the trial court has wide discretion in fashioning jury instructions." *Commonwealth v. Brown*, 911 A.2d 576, 583 (Pa. Super. 2006). Furthermore, "[j]ury instructions regarding particular crimes or defenses are not warranted where the facts of the case do not support those instructions." *Commonwealth v. Hall*, 199 A.3d 954, 963 (Pa. Super. 2018) (citation omitted).

Appellant argues that trial counsel was ineffective for failing to request an "incontrovertible physical facts" jury instruction. *Anders* Brief at 20-21. Appellant contends that the instruction was necessary because "[the victim's]

testimony was discredited by the interconvertible physical facts rule." *Pro Se Response*, at 20. Specifically, Appellant posits that the following factors rendered the instruction necessary to contradict the victim's testimony:

> The victim "testified that she became 'dizzy' and 'blacked out' on the couch … [but], cocaine does not make one dizzy or pass out."
>
> "There was ejaculate inside of [the victim's] vagina [although] she claimed this act was not completed."
>
> "[The victim] claimed [Appellant] took the knife away from her, yet it was he who ran out of his own apartment completely naked and covered in blood."
>
> "[Appellant] testified that his love seat is 4 feet wide, and [therefore,] it is physically impossible for [the sex] to have happened as [the victim] testified."

Amended PCRA Petition, 1/28/22, at 16.

Pursuant to the incontrovertible physical facts rule, "where the testimony of a witness is contradicted by incontrovertible physical facts, the testimony of such witness cannot be accepted, it being either mistaken or false, and a verdict based on it will not be sustained." *Commonwealth v. Newman*, 470 A.2d 976, 979 (Pa. Super. 1984) (citation omitted). The rule allows finders of fact to disregard "that which is contrary to human experience and the laws of nature, or which they judicially know to be incredible." *Id*. (citation omitted). The rule has no application unless "the facts are positive, clear, indisputable, and certain." *Id*. However, the rule does not require the jury to reject the portions of the witness's testimony that remain uncontradicted. *Id*.

The PCRA court offered the following reasoning in determining this issue lacks merit:

> In this case, the facts were not positive, clear, indisputable nor certain. To the contrary, the facts were majorly in dispute, as [Appellant's] version of events and the victim's versions of events were very different from each other. Accordingly, the "incontrovertible physical fact" rule was inapplicable and the jury should not have been instructed on it. Trial counsel, therefore, was not ineffective for failing to request it.

PCRA Order, 12/27/22, at 5-6. We agree.

In the present case, Appellant and the victim offered divergent testimony concerning the incident and the periods leading up to and following the incident. The "physical facts" upon which Appellant relies are not positive, clear, indisputable, or certain, and they do not render the victim's testimony unacceptable. For example, the fact that ejaculate was detected inside of the victim's vagina does not disprove her testimony that the act of sex was not completed. We are constrained to agree with the PCRA court that the incontrovertible physical facts rule is not applicable in this case. Accordingly, the trial court would not have been required to charge the jury on the doctrine, and trial counsel was not ineffective for failing to request this jury charge. Therefore, the underlying claim lacks merit and the allegation of ineffectiveness fails. *See Spotz*, 896 A.2d at 1210.

Next, Appellant argues that his trial counsel was ineffective for failing to request a mistake of age jury instruction. *Anders* Brief at 21. Section 3102 of our Crimes Code sets forth the mistake of age defense as follows:

- 16 -

**§ 3102. Mistake as to age**

Except as otherwise provided, whenever in this chapter the criminality of conduct depends on a child being below the age of 14 years, it is no defense that the defendant did not know the age of the child or reasonably believed the child to be the age of 14 years or older. When criminality depends on the child's being below a critical age older than 14 years, it is a defense for the defendant to prove by a preponderance of the evidence that he or she reasonably believed the child to be above the critical age.

18 Pa.C.S. § 3102.

The PCRA court found that Appellant's counsel had a reasonable basis for not requesting an instruction on mistake of age. In support, the court credited trial counsel's testimony at Appellant's PCRA hearing that she strategically declined to request the instruction:

Of the crimes of which [Appellant] was convicted, the "mistake of age" defense was only applicable to Corruption of Minors. At the [PCRA] hearing on September 29, 2022, trial counsel testified that her main defense was that the contact between [Appellant] and the victim was consensual. She felt that making a mistake of age argument would weaken that defense, and she made the tactical decision to stay consistent with her defense rather than arguing in the alternative. In addition, during trial, the victim testified that she told [Appellant] she was 16 years old and in high school. It cannot be said that "the strategy actually employed was so unreasonable that no competent lawyer would have chosen it." Accordingly, trial counsel cannot be found ineffective on this basis.

PCRA Order, 12/27/22, at 6.

As the PCRA court stated, Appellant's trial counsel testified at the hearing that she purposely declined to request a mistake of age instruction, because doing so would have required her to contradict the defense being presented. Counsel explained:

- 17 -

> [The] entire defense of the case, based on my conversations with [Appellant], is that the encounter was consensual. That was the defense in the case. I did not argue an alternative because I believe that would weaken the defense saying that there was unlawful contact with the minor. Our defense was the contact was indeed lawful, because the sexual encounter and everything else was consensual. It would weaken [the] defense if I then argued but even if the contact was unlawful she was not a minor.

N.T., 9/29/22, at 46-47. We defer, as we must, to the PCRA court's credibility determination concerning this testimony.

Upon review of the record before us, we conclude there is ample support for the PCRA court's findings, and it did not err as a matter of law in concluding that counsel possessed a reasonable basis for declining to request the jury instruction. Counsel articulated a reasonable basis for choosing not to requesting the mistake of age instruction. Consequently, the second prong of the ineffective assistance of counsel test has not been met. *See Johnson*, 289 A.3d at 979. Accordingly, this claim of ineffective assistance fails.

In his sixth issue, Appellant argues that trial counsel was ineffective for failing to object and request a mistrial following a question asked by the trial judge to the victim. *See Anders* Brief at 22-25. Specifically, Appellant takes umbrage with the trial judge asking the single question of the victim: "Young lady, did you consent to any sexual activity that evening?" N.T., 10/16/18, at 82. To which the victim replied: "No." *Id*. Appellant further alleges that the question by the trial court improperly bolstered the victim's testimony and "the scale of justice was tipped to the prosecution…." *Pro Se* Response, at 21-22.

As a general matter, we acknowledge that "[i]t is within every trial judge's sound discretion to call and examine witnesses of its own accord." *Commonwealth v. White*, 734 A.2d 374, 380 (Pa. 1999). Pennsylvania Rule of Evidence 614 provides that "[w]here the interest of justice so requires, the court may examine a witness regardless of who calls the witness." Pa.R.E. 614(b).

As we explained in *Commonwealth v. Manuel*, 844 A.2d 1, 9 (Pa. Super. 2004), "it is always the right and sometimes the duty of a trial judge to interrogate witnesses; however, questioning from the bench should not show bias or feeling or be unduly protracted." Furthermore, "[a] new trial is required . . . only when the trial court's questioning is prejudicial, that is when it is of such nature or substance or delivered in such a manner that it may reasonably be said to have deprived the defendant of a fair and impartial trial." *Id*. (quotations omitted).

The PCRA court addressed this claim of ineffective assistance as follows:

> Here, the trial court's question cannot reasonably be said to have deprived [Appellant] of a fair and impartial trial. The trial court asked only one (1) very brief question. The court did not suggest anything to the jury with respect to the witness's credibility or [Appellant's] guilt or innocence. In sum, the trial court's allegedly prejudicial question, when put in context, cannot reasonably be said to have deprived defendant of a fair and impartial trial. In addition, trial counsel testified that the victim stated that she performed consensual oral sex on [Appellant]. Thus, the answer to the trial judge's question could have been favorable to [Appellant]. Thus, trial counsel was not ineffective for failing to object and/or failing to request a mistrial, as the question was not objectionable, and did not provide a basis for a mistrial.

- 19 -

PCRA Order, 12/27/22, at 7. We agree.

The record reflects that during the Commonwealth's case-in-chief, the victim offered lengthy testimony during direct, cross, and redirect examination. *See* N.T., 10/16/18, at 21-82. At the conclusion of the victim's testimony, the trial court asked a single clarifying question, to which she gave a one-word reply. *See* N.T., 10/16/18, at 82. Our review of the record comports with the PCRA court's conclusion that it cannot reasonably be said that the trial court's single question deprived Appellant of a fair and impartial trial. Moreover, the trial court was acting within its reasonable discretion in choosing to pose a question to the victim. Accordingly, there is no merit to this claim of ineffective assistance for failing to lodge an objection or request a mistrial.

Next, Appellant argues that trial counsel was ineffective for failing to question Nurse Bernadette Clagg, the sexual assault nurse examiner ("SANE"), concerning the lack of physical trauma to the victim. ***See Anders*** Brief at 25. Appellant suggests that no marks being noticed during the examination of the victim would counter the Commonwealth's theory that a struggle had ensued between Appellant and the victim. ***See*** *Pro Se* Response, at 16-17.

The PCRA court reviewed the suggested line of questioning concerning evidence of trauma to the victim and offered the following:

[Appellant] next alleges that trial counsel was ineffective for failing to question the SANE nurse about the lack of trauma on the victim's body. As trial counsel correctly testified during the September 29, 2022 hearing, a lack of trauma does not necessarily indicate consent. This is especially true when, as in this case, the victim was passed out when the sexual assault began. The court finds that trial counsel was not ineffective for not asking these questions, which could have hurt [Appellant's] case more than helped it.

PCRA Court Order, 12/27/22, at 7. We agree.

We are mindful that our case law has determined that "the Commonwealth may, as part of its case-in-chief in a sexual assault prosecution, offer the testimony of an expert that the absence of physical trauma is nevertheless consistent with the alleged sexual abuse." *Commonwealth v. Minerd*, 753 A.2d 225, 227 (Pa. 2000). Our Supreme Court reasoned that, "[w]ithout such an explanation, jurors may improperly draw a negative inference against the Commonwealth, based upon a layperson's untutored assumptions, and rely upon that inference in rendering a verdict." *Id*. at 231.

Our review reflects that Nurse Clagg was permitted to "testify as an expert as a SANE nurse and in forensic evidence collection." N.T., 10/17/18, at 221. When asked at the PCRA hearing about the failure to question Nurse Clagg concerning the lack of trauma, trial counsel stated, "you don't need trauma in order for there to be rape or sexual assault." N.T., 9/29/22, at 60. Considering this acknowledgment by trial counsel and the above-cited law, we are constrained to agree with the PCRA court that a line of questioning

concerning the lack of trauma to the victim could have proven to be detrimental to Appellant. Therefore, the underlying claim lacks merit and the allegation of ineffectiveness fails. **See Spotz**, 896 A.2d at 1210.

Eighth, Appellant argues that trial counsel was ineffective for failing to preclude the admission of statements made by Appellant to the police. **See Anders** Brief at 25. Appellant contends that trial counsel should have sought the exclusion of his answers to interview questions with Detective Yeckley. He claims that his statements were used for impeachment during cross-examination, even though they were non-attested and unauthenticated. **See Pro Se** Response, at 18.

In reviewing claims pertaining to evidence, we are cognizant of the overarching principle that questions concerning the admissibility of evidence are "within the sound discretion of the trial court . . . [and] we will not reverse a trial court's decision concerning admissibility of evidence absent an abuse of the trial court's discretion." **Commonwealth v. Brown**, 52 A.3d 1139, 1197 (Pa. 2012) (citation omitted). The Pennsylvania Rules of Evidence provide that a statement by an opposing party falls within an exception to the rule against hearsay when it is offered against that party at trial. **See** Pa.R.E. 803(25)(A). This rule applies even when the hearsay statement is offered against a criminal defendant. **See Commonwealth v. Edwards**, 903 A.2d 1139, 1157-58 (Pa. 2006) (hearsay exception for opposing party's admission applies to criminal defendants and therefore witness's testimony regarding

defendant's out-of-court statement that he was involved in a robbery was admissible).

The PCRA court found no merit to the underlying challenge to the admissibility of Appellant's statements and that trial counsel was therefore not ineffective for failing to raise it. PCRA Court Order, 12/27/22, at 8. Upon review of Appellant's claim, the record, and appropriate legal authority, we discern no error by the PCRA court in determining that Appellant did not have a meritorious challenge to trial counsel's failure to seek preclusion of statements made by him to the police. As indicated above, these statements clearly fell into a hearsay exception for a statement by an opposing party. Consequently, we conclude this ineffective assistance claim fails because the underlying legal claim lacks merit. **See Spotz**, 896 A.2d at 1210.

Next, Appellant argues that trial counsel was ineffective for failing to adequately prepare him to testify. **See Anders** Brief at 25-26. Appellant posits that "counsel never spent any ample time in preparing the Appellant for trial, especially when it came to the Appellant's willingness to testify." *Pro Se* Response, at 25.

Again, "[w]e presume counsel's effectiveness, and an appellant bears the burden of proving otherwise." **Urwin**, 219 A.3d at 172. "The amount of time an attorney spends consulting with [her] client before trial is not, by itself, a legitimate basis for inferring the total extent of counsel's pretrial

preparation, much less the adequacy of counsel's preparation."

***Commonwealth v. Harvey***, 812 A.2d 1190, 1196-97 (Pa. 2002).

In addressing this claim of ineffective assistance, the PCRA court stated:

> [Appellant] claims that trial counsel failed to prepare [Appellant] to testify on his own behalf at trial. Trial counsel, however, testified that she remembers talking to him about testifying on at least two (2) occasions. She talked to him about reasons to testify, reasons not to testify, how to behave, and what direct and cross examination would be like. She also went over his testimony with him. She also spoke with him for approximately 25 minutes during the trial about whether or not to testify. ***See*** N.T. 10/17/18, pp. 329-330. The court credits trial counsel's testimony, and finds that she did, in fact, discuss testifying with [Appellant]. Accordingly, this claim must fail.
>
> The court also notes that trial counsel was put in a tough situation in this case. She strongly recommended that [Appellant] not testify because [Appellant] claims that his memory is bad and because his version of events changed every time she talked to him. He also changed his story when discussing this matter with police. For instance, he originally said he had erectile dysfunction and therefore could not ejaculate. When the DNA results came back and showed that the victim had ejaculate inside her, he said he had sex with her four (4) times. He later changed his story again and said he had sex with her once. He also stated in an affidavit to his current attorney that his trial counsel "rarely" talked to him about testifying. At the hearing on this matter, he said that the affidavit should have said "never." The court does not find [Appellant's] testimony credible. It appears that [Appellant] insisted on testifying even though his attorney cautioned him against it. Trial counsel cannot be deemed ineffective because [Appellant] chose not to listen to her advice.

PCRA Order, 12/27/22, at 8.

Upon review of the record, we agree that Appellant's argument is thoroughly unconvincing. Trial counsel testified at the PCRA hearing and stated that in addition to phone conversations, she met with Appellant at least

four times in prison. *See* N.T., 9/29/22, at 65-67. Counsel indicated that she "specifically remember[ed] talking to [Appellant] twice, once downstairs and once at the prison about him testifying and … explained to him what the direct would be like, what the cross would be like." *Id*. at 70. When asked about her efforts to prepare Appellant in the event he chose to testify, trial counsel gave the following explanation:

> I talked to him about reasons to testify and to not testify. I would talk to him about what a direct is, what a cross is like, how he should behave, what could be some possible issues. He has never been on the stand before. He would not know how to behave. I did go over his story with him. I did tell him what the defense was going to be and we would gear all the questions toward our defense. So I did go over his testimony with him.

*Id*. at 73. Counsel also noted that Appellant's version of events surrounding the incident changed every time they spoke. *See id*. at 71.

The record further indicates that, at trial, the court took a twenty-five-minute recess to allow trial counsel and Appellant to confer concerning Appellant's decision on testifying. *See* N.T., 10/17/18, at 329-30. Following the recess, Appellant expressed that he was choosing to testify in his own behalf, and trial counsel stated, "Before [the jury] come[s] in, I do want to place on the record that this decision that [Appellant] made was against my advice to him in my capacity as his attorney." *Id*. at 330. Accordingly, we discern no error by the PCRA court in concluding that Appellant has not established his claim that counsel did not adequately prepare him concerning

his testimony. Accordingly, the underlying claim lacks merit and the allegation of ineffectiveness fails. *See Spotz*, 896 A.2d at 1210.

In his tenth issue, Appellant argues that trial counsel was ineffective for failing to ensure that the interior of his apartment was photographed. *See* Anders Brief at 26. Appellant asserts that "[t]rial counsel should have acquired photographs, either personally and/or through contacting the landlord." *Pro Se* Response, at 8. Appellant believes that photos would have assisted him in discrediting the police description of the scene. *See id*. at 7-8. However, as the Commonwealth aptly notes, "[Appellant] failed to provide any [photographs, which would support his claim.]" Commonwealth's Brief at 62. This claim amounts to nothing more than a bald challenge devoid of any viable argument of the prejudice prong of the ineffectiveness test.

The PCRA court presented the following review of this claim:

> [Appellant] next asserts that trial counsel was ineffective for failing to ensure that [Appellant's] apartment was photographed, so that the photos could be used at trial. First, [Appellant] fails to indicate how he was prejudiced by the lack of photographs of his apartment at trial. In addition, the lack of photographs worked in [Appellant's] favor, as the jury was instructed that they could infer that "these pictures would have shown evidence unfavorable to the Commonwealth." N.T. 10/17/18, p. 429. Again, the court finds that [Appellant's] argument is without merit.

PCRA Order, 12/27/22, at 8.

To establish prejudice, Appellant surmises that the purported photos of the interior of his apartment would have been beneficial to his defense. However, considering the unknown nature of the purported photos, Appellant

cannot establish that the outcome of the proceedings would have been different, and to presume otherwise is nothing more than mere conjecture.

Further, the record indicates that trial counsel capitalized on the Commonwealth's missing photographs and urged the jury to infer that the evidence would have been unfavorable to the Commonwealth. **See** N.T., 10/17/18, at 427-30. Moreover, the trial court gave a specific instruction explaining that the jury may infer that the photos "would have been evidence unfavorable to the Commonwealth." **Id**. at 457-58. Because Appellant has not established that counsel's conduct had an adverse effect on the outcome of the proceedings, he has failed to establish the prejudice prong of the ineffectiveness test. **See Spotz**, 84 A.3d at 315. Consequently, this claim challenging trial counsel's stewardship lacks merit.

In his final issue, Appellant argues that trial counsel was ineffective for failing to object to the prosecutor's closing argument. **See Anders** Brief at 26-27. In this regard, Appellant summarizes that during its closing argument, the Commonwealth purposely made statements "[v]ouching for the complainant, misstating facts and law and [committed] other impermissible conduct." *Pro Se* Response, at 22.

> [W]hen a motion for a mistrial is premised upon prosecutorial misconduct, it is within the discretion of the trial court to determine whether a defendant has been prejudiced by misconduct or impropriety to the extent that a mistrial is warranted). A new trial is warranted where the unavoidable effect of the conduct or language was to prejudice the factfinder to the extent that the factfinder was rendered incapable of fairly weighing the evidence and entering an objective verdict. We have

held, [t]he Due Process Clause is not a code of ethics for prosecutors; its concern is with the manner in which persons are deprived of their liberty. As such, [t]he touchstone is the fairness of the trial, not the culpability of the prosecutor.

We have previously stated that not every unwise remark by an attorney amounts to misconduct or warrants the grant of a new trial. Rather, the prosecution is accorded reasonable latitude, may employ oratorical flair in arguing its version of the case to the jury, and may advance arguments supported by the evidence or use inferences that can reasonably be derived therefrom. Finally, the prosecutor is permitted to fairly respond to points made in the defense's closing, and therefore, a proper examination of a prosecutor's comments in closing requires review of the arguments advanced by the defense in summation.

*Commonwealth v. Powell*, 171 A.3d 294, 301-302 (Pa. Super. 2017)

(citations and quotation marks omitted).

The PCRA court reviewed this claim pertaining to trial counsel's inaction in raising objections during the Commonwealth's closing argument and offered the following:

In the instant case, the court finds that the Commonwealth's comments were merely oratorical flair. Further, the comments did not prejudice the jury, nor did it form in their minds a fixed bias or hostility toward [Appellant] such that they could not weigh the evidence objectively and render a fair verdict. In addition, [Appellant's] trial attorney testified that she does not like to object during closing arguments because it brings unwanted attention to what was said. Based on existing case law and the testimony of the trial counsel, the court finds that this is a meritless issue, and [Appellant] is not entitled to any relief on this basis.

PCRA Order, 12/27/22, at 9. Upon thorough review, we agree.

We have reviewed the closing arguments made by the prosecutor at trial and discern no statements that would have the unavoidable effect of prejudicing the jury. *See* N.T., 10/17/18, at 432-51. In the absence of

- 28 -

prosecutorial misconduct, we cannot conclude that trial counsel was ineffective for failing to a raise contemporaneous objection. Therefore, Appellant has failed to show that the underlying claim has arguable merit, and this allegation of ineffective assistance of counsel fails. **_See Spotz_**, 896 A.2d at 1210.

For the foregoing reasons, we agree with PCRA counsel that the myriad ineffective assistance of counsel claims raised by Appellant do not afford relief. Furthermore, we have reviewed the certified record and do not discern any other claims that are non-frivolous. Accordingly, we grant counsel's petition to withdraw and affirm the portion of the PCRA court's order denying in part Appellant's PCRA petition.

Petition to withdraw granted. Order affirmed. Applications for relief denied.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/12/2024